# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Martin Luther King, Jr.
Federal Building and U.S. Courthouse
50 Walnut Street
P.O. Box 419
Newark, New Jersey 07101-0419

FILED
IN CLERKS OFFICE
2016 MAY -9  P 2: 30

U.S. DISTRICT COURT
DISTRICT OF MASS.

William T. Walsh, CLERK

May 2, 2016


RE:   United States of America v. CARLOS JIMENEZ
      Our Docket No. 2:16mj6079(SCM)
      Your Docket No. 16mj4233(DHH)

Dear Clerk:

Please be advised that an initial appearance was held in the
above-captioned case pursuant to Rule 5 of the Federal Rules of
Criminal Procedure.   You can obtain the original record by
accessing CM/ECF through PACER.  If applicable, a certified copy of
the Appearance Bond is enclosed.  Kindly acknowledge receipt on the
duplicate of this letter, which is provided for your convenience.


Sincerely,


WILLIAM T. WALSH, Clerk


By: _____
Deputy Clerk


RECEIPT ACKNOWLEDGED BY:
DATE: _____

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MAGISTRATE'S COURTROOM MINUTES

*FILED*
*CLERKS OFFICE*

UNITED STATES OF AMERICA          :          MAGISTRATE JUDGE:   Steven C. Mannion
                                  :          *2016 MAY -9 P 2:30*
                      v.          :          MAGISTRATE NO.:          2:16mj6079(SCM)
                                  :          *U.S. DISTRICT COURT*
CARLOS JIMENEZ                    :          DATE OF PROCEEDINGS:  *DISTRICT OF MASS.*  5/2/2016
                                  :
                                  :          DATE OF ARREST:      5/2/2016
                                  :

PROCEEDINGS:     Rule 5 - Initial Appearance

( ✓ ) COMPLAINT
( ✓ ) ADVISED OF RIGHTS
( ) WAIVER OF COUNSEL          TODAY ONLY
( ✓ ) APPT. OF COUNSEL:   ✓ AFPD     ___ CJA
( ✓ ) WAIVER OF HRG.: ID ✓ PRELIM ___ REMOVAL
( ) CONSENT TO MAGISTRATE'S JURISDICTION
( ) PLEA ENTERED:     ___ GUILTY ___ NOT GUILTY
( ) PLEA AGREEMENT
( ✓ ) FINANCIAL AFFIDAVIT EXECUTED
( ✓ ) OTHER   PENALTIES PLACED ON RECORD.

( ) TEMPORARY COMMITMENT
( ) CONSENT TO DETENTION WITH RIGHT TO MAKE A
      BAIL APPLICATION AT A LATER TIME
( ) BAIL DENIED - DEFENDANT REMANDED TO CUSTODY
( ) BAIL SET: _____
      _____
( ) TRAVEL RESTRICTED _____
( ) REPORT TO PRETRIAL SERVICES
( ) DRUG TESTING AND/OR TREATMENT
( ) MENTAL HEALTH EVALUATION AND/OR TREATMENT
( ) SURRENDER &/OR OBTAIN NO PASSPORT
( ) SEE ORDER SETTING CONDITIONS OF RELEASE FOR
      ADDITIONAL CONDITIONS

HEARING(S)  SET FOR:

( ) PRELIMINARY / REMOVAL HRG.
( ✓ ) DETENTION / BAIL HRG.
( ) TRIAL:   ___ COURT   ___ JURY
( ) SENTENCING
( ) OTHER: _____

DATE: _____
DATE:   5-3-16 @ 2pm
DATE: _____
DATE: _____
DATE: _____

APPEARANCES:

AUSA _____ SVETLANA EISENBERG _____

DEFT. COUNSEL ___ PETER CARTER _____

PROBATION _____

INTERPRETER _____
                Language: (                    )

Time Commenced: _____
Time Terminated: _____
CD No:          _____

_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA            :

       V.                                                MAG. NO. 2:16mj6079 (scm)

                              :

CARLOS JIMENEZ

                              :        O R D E R


  The financial inability of the defendant to retain counsel having
been   established   by   the   Court, and   the defendant not having
waived the appointment of counsel,

  It is on this_2__ day of   _May_, 2016,

ORDERED that _____PETER CARTER_____ from the Office of
the Federal Public Defender for the District of New Jersey is
hereby appointed to represent said defendant is this cause ~~until~~
~~further order of the Court~~. FOR TODAY AND DETENTION HRG. SCHEDULED FOR 5-3-16 @ 2PM ONLY.

                                 _____
                                 Steven C. Mannion, U.S.M.J.

AO 466A (Rev. 10/03) Waiver of Rule 5 & 5.1 Hearings

# UNITED STATES DISTRICT COURT

for the _____ DISTRICT OF _____ New Jersey

UNITED STATES OF AMERICA

**WAIVER OF RULE 5 & 5.1 HEARINGS**
(Complaint/Indictment)

V.

CASE NUMBER: _____ 2:16mj6079(SCM)

CARLOS JIMENEZ

Defendant

CHARGING DISTRICTS
CASE NUMBER:              16mj4233(DHH)

I understand that charges are pending in the _____ District of _____ Massachusetts _____

alleging violation of _____ 21:846 (Conspiracy to Distribute Heroin) _____ and that I have been arrested in this district and
(Title and Section)

taken before a judge, who has informed me of the charge(s) and my rights to:

(1)
retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)
an identity hearing to determine whether I am the person named in the charges;

(3)
a preliminary hearing (unless an indictment has been returned or information filed) to determine whether there is probable cause to believe an offense
has been committed by me, the hearing to be held in this district or the district of prosecution; and

(4)
Request transfer of the proceedings to this district under Rule 20, Fed. R. Crim. P., in order to plead guilty.

## I HEREBY WAIVE (GIVE UP) MY RIGHT TO A(N):

( X )  identity hearing

(   )  preliminary hearing

(   )  identity hearing but request a preliminary hearing be held in the prosecuting district and, therefore, consent to the issuance of an order
        requiring my appearance in the prosecuting district where the charges are pending against me.

_____
Defendant

_____
Defense Counsel

May 2, 2016
Date

AO 92
(Rev. 6/83)

# COMMITMENT

| **United States District Court** | DISTRICT New Jersey |
|---|---|

| UNITED STATES OF AMERICA V. CARLOS JIMENEZ | DOCKET NO. |
|---|---|
| | MAGISTRATE CASE NO. 2:16mj6079(SCM) |

The above named defendant was arrested upon the complaint of

charging a violation of    21§846

| **DISTRICT OF OFFENSE** New Jersey | DATE OF OFFENSE |
|---|---|

DESCRIPTION OF CHARGES:

Conspiracy to Distribute and Possess W/I to Distribute Heroin

**BOND IS FIXED AT**
$          Detained

TO: THE UNITED STATES MARSHAL

You are hereby commanded to take the custody of the above named defendant and to commit that defendant with a certified copy of this commitment to the custodian of a place of confinement approved by the Attorney General of the United States where the defendant shall be received and safely kept until discharged in due course of law.

_____2 May 2016_____
Date

_____
United States Judge or Magistrate

## RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | DATE DEFENDANT COMMITTED |
|---|---|---|

| DATE | UNITED STATES MARSHAL | (BY) DEPUTY MARSHAL |
|---|---|---|

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
Martin Luther King, Jr.
Federal Building and U.S. Courthouse
50 Walnut Street
P.O. Box 419
Newark, New Jersey 07101-0419



William T. Walsh, CLERK

May 2, 2016

RE:   United States of America v. CARLOS JIMENEZ
      Our Docket No. 2:16mj6079(SCM)
      Your Docket No. 16mj4233(DHH)

Dear Clerk:

  Please be advised that an initial appearance was held in the
above-captioned case pursuant to Rule 5 of the Federal Rules of
Criminal Procedure.   You can obtain the original record by
accessing CM/ECF through PACER.  If applicable, a certified copy of
the Appearance Bond is enclosed.  Kindly acknowledge receipt on the
duplicate of this letter, which is provided for your convenience.

  Sincerely,

WILLIAM T. WALSH, Clerk

By: _____
Deputy Clerk

RECEIPT ACKNOWLEDGED BY:
DATE: _____

DNJ-Crim-004(Rev. 09/06)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**MAGISTRATE'S COURTROOM MINUTES**

UNITED STATES OF AMERICA                 :        MAGISTRATE JUDGE: __Steven C. Mannion__

                                         :

                      v.                 :        MAGISTRATE NO.: _____2:16mj6079(SCM)_____

                                         :        DATE OF PROCEEDINGS: ___5/3/2016___

CARLOS JIMENEZ                           :

                                         :        DATE OF ARREST: _____5/2/2016_____

                                         :

PROCEEDINGS: __Bail Hearing____

( ) COMPLAINT
( ) ADVISED OF RIGHTS
( ) WAIVER OF COUNSEL
( ) APPT. OF COUNSEL: ___ AFPD ___ CJA
( ) WAIVER OF HRG.: ___ PRELIM ___ REMOVAL
( ) CONSENT TO MAGISTRATE'S JURISDICTION
( ) PLEA ENTERED: ___ GUILTY ___ NOT GUILTY
( ) PLEA AGREEMENT
( ) FINANCIAL AFFIDAVIT EXECUTED
( ) OTHER _____

( ) TEMPORARY COMMITMENT
( ) CONSENT TO DETENTION WITH RIGHT TO MAKE A
     BAIL APPLICATION AT A LATER TIME
( ) BAIL DENIED - DEFENDANT REMANDED TO CUSTODY
(✓) BAIL SET: _150,000  UNSECURED : 50,000_
     _SECURED BY EQUITY IN HOME_
(✓) TRAVEL RESTRICTED __NJ : MA    UNLESS APPROVED_
(✓) REPORT TO PRETRIAL SERVICES
( ) DRUG TESTING AND/OR TREATMENT
( ) MENTAL HEALTH EVALUATION AND/OR TREATMENT
(✓) SURRENDER &/OR OBTAIN NO PASSPORT
(✓) SEE ORDER SETTING CONDITIONS OF RELEASE FOR
     ADDITIONAL CONDITIONS

HEARING(S) SET FOR:

( ) PRELIMINARY / REMOVAL HRG.
( ) DETENTION / BAIL HRG.
( ) TRIAL: ___ COURT ___ JURY
( ) SENTENCING
(✓) OTHER: _IA  IN  MASSACHUSETTS_

DATE: _____
DATE: _____
DATE: _____
DATE: _____
DATE: _5-12-16      3pm_

APPEARANCES:

AUSA _____MIKIE SHERELL_____

DEFT. COUNSEL ___PETER CARTER_____

PROBATION _____

INTERPRETER _____
              Language: (                    )

Time Commenced: ___2___
Time Terminated: ___2:40___
CD No: _____

DEPUTY CLERK

# UNITED STATES DISTRICT COURT

_____for the_____        **District of**        _____New Jersey_____

United States of America

v.

## CARLOS JIMENEZ

_____

Defendant

## ORDER SETTING CONDITIONS
## OF RELEASE

Case Number: 16mj6079

IT IS ORDERED on this __3rd__ day of __May__, 2016 that the release of the defendant is subject to the following conditions:

(1) The defendant must not violate any federal, state or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if the collection is authorized by 42 U.S.C. § 14135a.

(3) The defendant must immediately advise the court, defense counsel, and the U.S. attorney in writing before any change in address and/or telephone number.

(4) The defendant must appear in court as required and must surrender to serve any sentence imposed.

### Release on Bond

Bail be fixed at $ _200,000.00_ and the defendant shall be released upon:  CONSISTING OF $150,000
UNSECURED : $50,000.00 SECURED BY PROPERTY IN ENGLISHTOWN. NJ

( ✓ ) Executing an unsecured appearance bond ( ✓ with co-signor(s) _CHRISTINE JIMENEZ_ ;

( ) Executing a secured appearance bond ( ) with co-signor(s)_____,
and ( ) depositing in cash in the registry of the Court _____% of the bail fixed; and/or ( ) execute an agreement to forfeit designated property located at _____.
Local Criminal Rule 46.1(d)(3) waived/not waived by the Court.

( ✓ ) Executing an appearance bond with approved sureties, ~~or the deposit of cash in the full amount of the bail in lieu thereof;~~

### Additional Conditions of Release

Upon finding that release by the above methods will not by themselves reasonably assure the appearance of the defendant and the safety of other persons and the community, it is further ordered that the release of the defendant is subject to the condition(s) listed below:

IT IS FURTHER ORDERED that, in addition to the above, the following conditions are imposed:

( ✓ ) Report to Pretrial Services ("PTS") as directed and advise them immediately of any contact with law enforcement personnel, including but not limited to, any arrest, questioning or traffic stop.

( ) The defendant shall not attempt to influence, intimidate, or injure any juror or judicial officer; not tamper with any witness, victim, or informant; not retaliate against any witness, victim or informant in this case.

( ) The defendant shall be released into the third party custody of _____

_who agrees (a) to supervise the defendant in accordance with all the conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears._

Custodian Signature: _____    Date: _____

( ✓ ) The defendant's travel is restricted to ( ) New Jersey ( ) other _____
_____ ( ✓ ) unless approved by Pretrial Services (PTS).
( ✓ ) Surrender all passports and travel documents to PTS.  Do not apply for new travel documents.
( )  Substance abuse testing and/or treatment as directed by PTS. Refrain from obstructing or tampering with
substance abuse testing procedures/equipment.
( ✓ ) Refrain from possessing a firearm, destructive device, or other dangerous weapons.  All firearms in any
home in which the defendant resides shall be removed by _____ and verification provided to PTS.
( )  Mental health testing/treatment as directed by PTS.
( )  Abstain from the use of alcohol.
( )  Maintain current residence or a residence approved by PTS.
( )  Maintain or actively seek employment and/or commence an education program.
( )  No contact with minors unless in the presence of a parent or guardian who is aware of the present offense.
( ✓ ) Have no contact with the following individuals:  CO DEFENDANTS  UNLESS IN  PRESENCE OF COUNSEL.

( )  Defendant is to participate in one of the following home confinement program components and abide by
all the requirements of the program which ( ) will or ( ) will not include electronic monitoring or other
location verification system. You shall pay all or part of the cost of the program based upon your ability to
pay as determined by the pretrial services office or supervising officer.

( ) (i)   **Curfew.**  You are restricted to your residence every day ( ) from _____ to _____, or ( ) as
directed by the pretrial services office or supervising officer; or

( ) (ii)  **Home Detention.**  You are restricted to your residence at all times except for employment;
education; religious services; medical, substance abuse, or mental health treatment; attorney visits;
court appearances; court-ordered obligations; or other activities as pre-approved by the pretrial
services office or supervising officer; or

( ) (iii) **Home Incarceration.**  You are restricted to your residence at all times except for medical needs
or treatment, religious services, and court appearances or other activities pre-approved by the
pretrial services office or supervising officer.

( )  Defendant is subject to the following computer/internet restrictions which may include manual inspection
and/or the installation of computer monitoring software as deemed appropriate by Pretrial Services;

( ) (i)   **No Computers** - defendant is prohibited from possession and/or use of computers or
connected devices.

( ) (ii)  **Computer - No Internet Access:** defendant is permitted use of computers or connected
devices, but is not permitted access to the Internet (World Wide Web, FTP Sites, IRC Servers, Instant
Messaging, etc);

( ) (iii) **Computer With Internet Access:** defendant is permitted use of computers or connected devices,
and is permitted access to the Internet (World Wide Web, FTP Sites, IRC Servers, Instant
Messaging, etc.) for purposes pre-approved by Pretrial Services at [ ] home [ ] for employment
purposes.

( ) (iv)  **Consent of Other Residents** -by consent of other residents in the home, any computers in the
home utilized by other residents shall be approved by Pretrial Services, password protected by a
third party custodian approved by Pretrial Services, and subject to inspection for compliance by
Pretrial Services.

( ) Other: _____
_____

( ) Other: _____
_____

( ) Other: _____

# ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

X _____
*Defendant's Signature*

Engllsh Hollyn N.J.
*City and State*

## Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date:  3 May 2016

X _____
*Judicial Officer's Signature*

STEVEN C. MANNION,  U.S.M.J.
*Printed name and title*

# UNITED STATES DISTRICT COURT

for the _____     District of _____    New Jersey

UNITED STATES OF AMERICA

V.

## APPEARANCE BOND

CARLOS JIMENEZ

2:16mj 6079 (scm)

_____
Defendant

Non-surety: ~~I, the undersigned defendant acknowledge that I and my~~ . . .

Surety: We, the undersigned, jointly and severally acknowledge that we and our . . .

personal representatives, jointly and severally, are bound to pay to the United States of America the sum of

$ _150,000. UNSECURED_ , and there has been deposited in the Registry of the Court the sum of

$ _50,000. SECURED BY PROPERTY IN ENGLISHTOWN, NJ._ (describe other security.)

The conditions of this bond are that the defendant _____ CARLOS JIMENEZ _____

(Name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment, may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

This bond is signed on ____5/3/2016____     a ____USDC, Newark, NJ____

Date                                      Place

Defendant _____     Address _ENGLISHTOWN,    NJ_

~~Suret~~     Address _ENGLISHTOWN,    NJ_

CO SIGNOR

Suret _____     Address _____

Signed and acknowledged before me on _____     May 3, 2016

Date

Approved: _____     _____

Judicial Officer     ~~Judicial Officer~~ Clerk

DEPUTY

# UNITED STATES DISTRICT COURT

for the           DISTRICT        New Jersey

UNITED STATES OF AMERICA
V.
**CARLOS JIMENEZ**

## AGREEMENT TO FORFEIT PROPERTY

CASE       2:16mj6079(SCM)

Defendant

I/we, the undersigned, acknowledge pursuant to 18 U.S.C. §3142(c) (1) (B) (xi) in consideration of the release of the defendant that I/we and my/our personal representatives jointly and severally agree to forfeit to the United States of America the following property:

    $50,000.00 equity in: 21 Heritage Dr., Englishtown, NJ

and there has been posted with the court the following indicia of my/our ownership of the property:

    Copy of Deed

I/we further declare under penalty of perjury that I am/we are the sole owner(s) of the property described above and that the property described above is not subject to any lien, encumbrance, or claim of right or ownership except my/our own, that imposed by this agreement, and those listed below:

and that I/we will not alienate, further encumber, or otherwise willfully impair the value of my/our interest in the

The conditions of this agreement are that the defendant              CARLOS JIMENEZ

                                                              (Name)

is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing agreement (including any proceedings on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this agreement, then this agreement is to be void, but if the defendant fails to obey or perform any of these conditions, the property described in this agreement shall immediately be forfeited to the United States. Forfeiture under this agreement for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the property is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for forfeiture of the property together with interest and costs, and execution may be issued and the property secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States of America.

This agreement is signed on     5/3/2016     a     USDC, Newark, NJ
                                 (Date)            (Place)

Defendant X _____    Address   Englishtown, NJ
Owner(s)/                             Address _____
Obligor(s) X _____    Address   same
      CHRISTINE JIMENEZ                 Address _____

Signed and acknowledged before me on _____     3 May 2016
                                                    (Date)
                                                 (Judicial Officer/Clerk)
                                                 DEPUTY

Approved: _____
                (Judicial Officer)



448511

**DEED**

COUNTY OF MONMOUTH
CONSIDERATION 17 ,990
RTF 225 add'l RTF 150
DATE 4 30 9 BY NJ

4

D

This Deed is made on March **26** , 1999

**BETWEEN** . ENGLISHTOWN MANOR, LLC, A Limited Liability Company of the State of New Jersey having its principal office at 1500 Allaire Avenue, Ocean, New Jersey, referred to as the Grantor;

**AND**

CARLOS JIMENEZ & CHRISTINE JIMENEZ, HIS WIFE

whose post office box address is about to be 21 Heritage Drive, Englishtown, N.J.

referred to as the Grantee.

The word "Grantee" shall mean all Grantees listed above.

**TRANSFER OF OWNERSHIP.** The Grantor grants and conveys (transfers ownership of) the property described below to the Grantee. This transfer is made for the sum of $179,990.00.

The Grantor acknowledges receipt of this money.

**TAX MAP REFERENCE.** (N.J.S.A. 46:15-2.1) BOROUGH of ENGLISHTOWN, Block 26.02 Lot 50.

____ No property tax identification number is available on the date of this Deed. (Check box if applicable)

**PROPERTY.** The property consists of land and all the buildings and structures on the land in the BOROUGH OF ENGLISHTOWN, County of Monmouth and State of New Jersey. The legal description is:

SEE DESCRIPTION ATTACHED HERETO AND MADE PART HEREOF.

BEING same property conveyed to the Grantor herein by Deed of MAY 9, 1997 from My Ben Associates and recorded May 29, 1997 in the Office of the Clerk of Monmouth County in Deed Book 5605 at Page 150.

PREPARED BY: _____
                    MICHAEL V. BENEDETTO, ESQUIRE

CLERK'S OFFICE
MONMOUTH COUNTY
NEW JERSEY
INSTRUMENT NUMBER
1999069327
RECORDED ON
Apr 30, 1999
9:12:19 AM
BOOK=DB-5816
PAGE=656
Total Pages: 4

COUNTY RECORDING FEES $22.00
DEDICATED TRUST FUND COMMISSION $2.00
:COUNTY REALTY TRANSFER FEES $180.00
REALTY TRANSFER FEES - NPMR $195.00
TOTAL $399.00

05/04/2016 18:49

## DESCRIPTION

All that certain tract or parcel of land and premises, situate,
lying and being in the Borough of Englishtown, in the County of
Monmouth, and State of New Jersey more particularly described as
follows:

BEING known as Lot 50 in Block 26.02 on Map entitled "Final Plat
for 'Manor at Englishtown' Sect. II", filed May 8, 1997 as Map Case
No. 263-2.

Being known as lot 50 in Block 26.02 official tax map of
Englishtown, in the County of Monmouth, State of New Jersey.

TITLE NO. ET-08/98-387
INDEX NO. MN387EN.98

Ansell Zaro Grimm & Aaron, P.C.

1645 - Affidavit of Consideration
RTF-1 (Rev. 1/1/86)
8/96

STATE OF NEW JERSEY
AFFIDAVIT OF CONSIDERATION OR
EXEMPTION
(c. 49, P.L. 1968)
or
PARTIAL EXEMPTION
(c. 176, P.L. 1975)

ALL-STATE Legal, A Division of
ALL-STATE® International, Inc.
908-272-0800

To Be Recorded With Deed Pursuant to c. 49, P.L. 1968, as amended by c. 225, P.L. 1985 (N.J.S.A. 46:15-5 et seq.)

STATE OF NEW JERSEY

COUNTY OF  MONMOUTH

SS.

FOR RECORDER'S USE ONLY

Consideration $   179,990
Realty Transfer Fee $      375
Date  4 / 7 / 99    By   NS

* Use symbol "C" to indicate that fee is exclusively for county use.

**(1) PARTY OR LEGAL REPRESENTATIVE**   (See Instructions #3, 4 and 5 on reverse side.)

Deponent BERNARD SCHANZR , being duly sworn according to law upon his/her oath
(Name)

deposes and says that he/she is the MEMBER IN GRANTOR in a deed dated 3/29/99 ,
(State whether Grantor, Grantee, Legal Representative, Corporate Officer, Officer of Title Co., Lending Institution, etc.)

transferring real property identified as Block No. 26.02 Lot No. 50

located at  22 Heritage Drive, ENGLISHTOWN, NEW JERSEY
(Street Address, Municipality, County)

and annexed hereto.

**(2) CONSIDERATION**   (See Instruction #6.)

Deponent states that, with respect to deed hereto annexed, the actual amount of money and the monetary value of any other thing of value constituting the entire compensation paid or to be paid for the transfer of title to the lands, tenements or other realty, including the remaining amount of any prior mortgage to which the transfer is subject or which is to be assumed and agreed to be paid by the grantee and any other lien or encumbrance thereon not paid, satisfied or removed in connection with the transfer of title is $   179,990.00  .

**(3) FULL EXEMPTION FROM FEE**   Deponent claims that this deed transaction is fully exempt from the Realty Transfer Fee imposed by c.49, P.L. 1968, for the following reason(s): Explain in detail. (See Instruction #7.) Mere reference to exemption symbol is not sufficient.

**(4) PARTIAL EXEMPTION FROM FEE**

NOTE: All boxes below apply to grantor(s) only. ALL BOXES IN AP-PROPRIATE CATEGORY MUST BE CHECKED. Failure to do so will void claim for partial exemption. (See Instructions #8 and #9.)

Deponent claims that this deed transaction is exempt from the increased portion of the Realty Transfer Fee imposed by c. 176, P. L. 1975 for the following reason(s):

A)  SENIOR CITIZEN   (See Instruction #8.)
☐ Grantor(s) 62 yrs. of age or over. *
☐ One or two-family residential premises.

☐ Owned and occupied by grantor(s) at time of sale.
☐ No joint owners other than spouse or other qualified exempt owners.

B)  BLIND   (See Instruction #8.)
☐ Grantor(s) legally blind. *
☐ One- or two-family residential premises.
☐ Owned and occupied by grantor(s) at time of

DISABLED   (See Instruction #8.)
☐ Grantor(s) permanently and totally disabled. *
☐ One or two-family residential premises.
☐ Receiving disability payments.

ORIGINAL AND COPY MUST BE SUBMITTED WITH DEED TO COUNTY RECORD

**PROMISES OF GRANTOR.** The Grantor promises that the Grantor has done no act to encumber the property. This promise is called a "covenant as to grantor's acts" (N.J.S.A. 46:4-6). This promise means that the Grantor has not allowed anyone else to obtain any legal rights which affect the property (such as by making a mortgage or allowing a judgment to be entered against the Grantor).

**SIGNATURES.** This Deed is signed and attested to by the Grantor's proper Members as of the date at the top of the first page.

Witness:

_____
MICHAEL V. BENEDETTO
ATTORNEY AT LAW OF NEW JERSEY

ENGLISHTOWN MANOR, LLC

BY: _____
MEYER GOLD   , MEMBER

_____
BERNARD SCHANZER, MEMBER

STATE OF NEW JERSEY,
COUNTY OF MONMOUTH   SS:

I CERTIFY that on March 2-6, 1999, MEYER GOLD &BERNARD SCHANZER personally came before me and this person(s) acknowledged under oath, to my satisfaction, that: (a) this person is a Member of the Grantor named in this deed; (b) this deed was signed and delivered by the company as its voluntary act duly authorized by a proper resolution of its Members; and (c) the full and actual consideration paid or to be paid for the transfer of title is $179,990.00. (Such consideration is defined in N.J.S.A. 46:15-5.)

_____
MICHAEL V. BENEDETTO
ATTORNEY AT LAW OF NEW JERSEY

F:\USERS\MVBGROUP\MYBEN\ENGLISH.DED

R&R:

RAJANIKANT C. MODY
Attorney at Law of N.J.
565 Summit Avenue
Jersey City, NJ 07306
(201) 963.- 4700