UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No: 16CR40025TSH |
| | ) | |
| V. | ) | VIOLATIONS: |
| | ) | 21 U.S.C. § 846 - |
| 1. IVAN CRUZ-RIVERA, and | ) | Conspiracy to Possess |
| 2. CARLOS JIMENEZ | ) | With Intent to |
| | ) | Distribute Heroin |
| | ) | |
| | ) | 21 U.S.C. § 841(a) - |
| | ) | Possession with Intent |
| | ) | to Distribute Heroin |
| | ) | |
| | ) | 18 U.S.C. § 2 - |
| | ) | Aiding and Abetting |
| | ) | |
| | ) | 21 U.S.C. § 853 - |
| | ) | Criminal Forfeiture |

## INDICTMENT

**COUNT ONE:** **(21 U.S.C. § 846 - Conspiracy to Possess With Intent to Distribute and to Distribute Heroin)**

The Grand Jury charges that:

1. On or about October 4, 2013, at Leominster, in the District of Massachusetts, and elsewhere,

      1. **IVAN CRUZ-RIVERA, and**
      2. **CARLOS JIMENEZ**

defendants herein, did knowingly and intentionally combine, conspire, confederate and agree with each other and with other persons both known and unknown to the Grand Jury to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

2.      It is further alleged that the offense charged in Count One involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i) is applicable to this Count.

3.      It is further alleged that, with respect to Count One, 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, are attributable to, and were reasonably foreseeable by, defendants, **(1) IVAN CRUZ-RIVERA, and (2) CARLOS JIMENEZ** as set forth in Title 21, United States Code, Section 841(b)(1)(B)(i).

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO:** (21 U.S.C. § 841(a)(1) - Possession of Heroin with the Intent to Distribute and Distribution of Heroin; 18 U.S.C. § 2 – Aiding and Abetting)

The Grand Jury further charges that:

1. On or about October 4, 2013, at Leominster, in the District of Massachusetts,

    1. **IVAN CRUZ-RIVERA**, and
    2. **CARLOS JIMENEZ**

defendants herein, did knowingly and intentionally possess with intent to distribute and distribute a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance. All in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

2. It is further alleged that the offense charged in Count Two involved 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, and that 100 grams was reasonably foreseeable by, and is attributable to, defendants **(1) IVAN CRUZ-RIVERA, and (2) CARLOS JIMENEZ** as to this Count. Accordingly, Title 21, United States Code, Section 841(b)(1)(B)(i) applies to this Count.

All in violation of Title 21, United States Code, Section 841 and Title 18, United States Code, Section 2.

## FORFEITURE ALLEGATION - (21 U.S.C. § 853)

The Grand Jury further charges that:

1. Upon conviction of one or more of the offenses alleged in Counts One and Two of the Indictment,

    1. **IVAN CRUZ-RIVERA, and**
    2. **CARLOS JIMENEZ**

defendants herein, shall forfeit to the United States, jointly and severally, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses. The property to be forfeited includes, but is not limited to, the following:

    (a) $44,000 in United States currency, seized on October 4, 2013 in Sturbridge, Massachusetts.

2. If any of the forfeitable property described in Paragraph 1, above, as a result of any act or omission of the defendants --

    (a) cannot be located upon the exercise of due diligence;

    (b) has been transferred or sold to, or deposited with, a third party;

    (c) has been placed beyond the jurisdiction of the Court;

    (d) has been substantially diminished in value; or

    (e) has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1.

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL

*Beth A. Figuerido*
FOREPERSON OF THE GRAND JURY

Michelle L. Dineen Jerrett
ASSISTANT U.S. ATTORNEY

DISTRICT OF MASSACHUSETTS; June __/__, 2016.

Returned into the District Court by the Grand Jurors and filed.

DEPUTY CLERK

1:08 p.