

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

*Main Reception: (508) 368-0100*  *Federal Building & Courthouse*
*Facsimile:       (508) 756-7120*  *595 Main Street, Suite 206*
                                    *Worcester, Massachusetts  01608*

July 8, 2016

**BY ECF and FedEx**

Syrie Fried, Esq.
2 Clock Tower Place
Guite 260 EF
Maynard, Massachusetts 01754

Brad Bailey, Esq.
Brad Bailey Law, P.C.
10 Winthrop Square, 4th Floor
Boston, Massachusetts 02110

    Re:    United States v. Ivan Cruz-Rivera and Carlos Jimenez
              <u>Criminal No. 16-CR-40025 TSH</u>

Dear Attorneys Fried and Bailey:

      Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

(1)     CD containing discovery in .pdf format, bearing Bates numbers 00001-00223;

(2)     DVD (N-45) containing consensual audio and video recording from a former DEA Cooperating Source's ("CS") vehicle of October 4, 2013 controlled purchase of heroin (00224);

(3)     DVD (N-46) containing consensual audio and video recording from CS of October 4, 2013 controlled purchase of heroin, bearing Bates number (00225);

(4)     CD (N-48) containing consensually recorded phone call on October 14, 2013 between CS and an individual who later began cooperating with the government ("CW") (00226);

(5)     DVD (N-49) containing recording of a meeting between CS and CW on October 22, 2013 (00227);

(6)     CD (N-88) containing various telephone records from Verizon Wireless (00228);

 (7) Copies of telephone calls placed by CW to the defendant Cruz-Rivera or someone on his behalf while the CW was incarcerated in Florida (00222-23); and

 (8) Copies of telephone calls placed by CW to the defendant Cruz-Rivera or someone on his behalf while the CW was incarcerated at Wyatt Federal Detention Center (00214-21) and related log (00199).

Note that these records may contain duplicate copies of various documents.

I anticipate providing a limited amount of additional discovery next week.

A. <u>Rule 16 Materials</u>

1. <u>Statements of Defendant under Rule 16(a)(1)(A) & (a)(1)(B)</u>

 a. <u>Written Statements</u>

Enclosed are the following relevant written statements made by the defendant Cruz-Rivera in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

 (1) Statement by the defendant Cruz-Rivera relating to the seizure of $44,000 in cash on October 4, 2013 (00093);

 (2) The defendant Cruz-Rivera's signed waiver of Miranda rights form (in Spanish) (00091);

 (3) The defendant Cruz-Rivera's signed a vehicle Consent to Search form (in Spanish) (00090); and

 (4) Receipt for $2,000 signed by the defendant Cruz-Rivera (00177).

I am unaware of any relevant written statements made by the defendant Jimenez in the possession, custody or control of the government, the existence of which is known to the attorney for the government.

 b. <u>Recorded Statements</u>

Enclosed are copies of telephone conversations between the CW and the defendant Cruz-Rivera (00216-17, 00220-21, 00222-23). I note that some of these calls may be with an individual acting on Cruz-Rivera's behalf.

 c. <u>Grand Jury Testimony of the Defendant</u>

The Defendants did not testify before a grand jury in relation to this case.

  d.  <u>Oral Statements to Then Known Government Agents</u>

The following documents are enclosed:

(1) Massachusetts State Police Incident Report dated October 4, 2013, containing various statements of the defendants Cruz-Rivera and Jimenez (00004-09);

(2) DEA ROI dated May 4, 2016 relating to the arrest of the defendant Cruz-Rivera (00041-42); and

(3) DEA ROI dated May 4, 2016 relating to the arrest of the defendant Jimenez (00043-44); and

(4) JABS Query Personal History form completed after the arrest of the defendant Jimenez (00101-04).

2. <u>Defendant's Prior Record under Rule 16 (a)(1)(D)</u>

Enclosed is a copy of the defendant Cruz-Rivera's prior criminal record (00084-86) and the defendant Jimenez's prior criminal record (00105-07).

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(E)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant, may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

With respect to the three telephones seized on October 4, 2013, I refer you to the DEA-6 report dated May 24, 2016 (00046-47) documenting that one of the telephones seized on that date cannot be located presently. The other two telephones are available for your inspection.

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(F)</u>

Enclosed are the following documents:

(1) DEA Northeast Regional Laboratory Report regarding DEA Exhibit 12 (00049).

There presently are no other reports of physical or mental examinations or scientific tests or experiments made in connection with this case.

B.     Search Materials under Local Rule 116.1(C)(1)(b)

No searches were conducted in connection with the investigation of the charges contained in the indictment in this case. Searches were conducted relating to the investigation of charges against the CW.

C.     Electronic Surveillance under Local Rule 116.1(C)(1)(c)

No oral, wire, or electronic communications of the Defendants as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.     Consensual Interceptions under Local Rule 116.1(C)(1)(d)

A written description of interceptions (as the term "intercept" is defined in 18 U.S.C. § 2510(4)) of wire/oral/electronic communications, relating to the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendant Cruz-Rivera was intercepted or which the government intends to offer as evidence in its case-in-chief have been previously described herein and are enclosed (00216-17, 00220-21, 00222-23).

E.     Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)

The names of known unindicted coconspirators as to the conspiracy charged in Count One of the indictment will be set forth in a separate letter which will be sent next week to defense counsel and filed under seal with the court.

F.     Identifications under Local Rule 116.1(C)(1)(f)

The defendant Cruz-Rivera was a subject of an investigative identification procedure used with the CW involving a display of a photograph of Cruz-Rivera obtained from the Puerto Rico Registry of Motor Vehicles. A copy of the photograph used in or memorializing the identification procedure is enclosed (00088).

The defendant Jimenez was a subject of an investigative identification procedure used with the CW involving a display of a photograph of Jimenez obtained from the New Jersey Registry of Motor Vehicles. A copy of the photograph used in or memorializing the identification procedure is enclosed (00089).

G.     Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.     The government is unaware of any information that would tend directly to negate the defendants' guilt concerning any count in the indictment.

   2. The government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.

   3. Information regarding promises, rewards, or inducements that have been given to the CW will be disclosed in a letter to defense counsel next week and filed under seal with the court.  No other promises, rewards, or inducements have been given to any witness whom the government anticipates calling in its case-in-chief.  At this time, the government does not intend to call the CS in its case-in-chief.

   4. The government aware that the CW, who the government intends to call as a witness in its case-in-chief, has a criminal record, which is being produced in redacted form (00130-37).  The government is unaware that any of its other named case-in-chief witnesses have any criminal record.  The government is still in the process of checking the criminal history reports of all expected law enforcement witnesses.  To the extent this process reveals additional discoverable information, it will be provided pursuant to the government's continuing discovery obligations.

   5. The CW is awaiting sentencing in a case in the District of Massachusetts to which he has pleaded guilty.  The government is unaware that any of its other named case-in-chief witnesses have any criminal cases pending.  The government does <u>not</u> presently intend to call the CS as a witness in this matter.  Notwithstanding this present intention, I enclose the CS's redacted criminal history (00117-29) which includes pending criminal cases as well as a copy of a police report relating to the CS's arrest in 2013 (00108-16).

   6. No named percipient witness failed to make a positive identification of a defendant with respect to the crimes at issue. With respect to the identification of a photograph of the defendant Jimenez, the CW indicated that he was "pretty" sure that was the firefighter, as disclosed in DEA ROI dated August 15, 2014 (00021-31).

H. <u>Other Matters</u>

 The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

 The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

 The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendant's intention to offer a defense of alibi.  The time, date, and place at which the alleged offenses were committed is set forth in the indictment in this case, a copy of which you have previously received.

As part of voluntary, supplemental discovery, I also enclose the following documents:

(1) DEA ROI dated October 8, 2013 (00010-16);

(2) Photographs of the money and telephones seized on October 4, 2013 (00189-90);

(3) DEA ROI dated October 28, 2013 (00017-20);

(4) Multiple redacted DEA Form 7a's and redacted DEA Seizure forms relating to this investigation (00050-83);

(5) DEA Form 7 relating to the heroin purchased on October 4, 2013 (00048);

(6) Copies of Verizon Wireless telephone bills in the name of Christine Jimenez (00166-75);

(7) Copies of Verizon Wireless telephone bills for the CW's telephone (00138-65);

(8) Consent to Search form signed by the CW relating to 2 money orders mailed by the defendant Cruz-Rivera to the CW (00176);

(9) Information relating to defendants Cruz-Rivera and Jimenez (00087-89);

(10) Email from Massachusetts Department of Transportation regarding subpoena response (00198);

(11) Subpoena response from the New Jersey Department of Public Safety regarding the defendant Jimenez (00194-97);

(12) Photograph of firearm and ammunition from the defendant Cruz-Rivera on the day of his arrest (00191);

(13) Photograph of telephone seized from the defendant Jimenez on the day of his arrest (00192);

(14) Materials submitted by the defendant Cruz-Rivera relating to the seizure of $44,000 in U.S. Currency on October 4, 2013 (00094-100);

(15) Various DEA-6 forms relating to the charges against the defendants Cruz-Rivera and Jimenez (00001-03, 00010-47);

(16) Letter from the DEA to Attorney Robert M. Griffin regarding the seizure of $44,000 in U.S. Currency on October 4, 2013 (00185-88);

(17) Documentation from Worcester County District Attorney's Office and related paperwork regarding the seizure of $44,000 in U.S. Currency on October 4, 2013 (00179-84); and

(18) Copies of money orders, envelope and receipt sent to CW at Wyatt (00177-78).

Please call the undersigned Assistant U.S. Attorney at 508-368-0104 if you have any questions.

                                            Very truly yours,

                                            CARMEN M. ORTIZ
                                            United States Attorney

                         By:    /s/ Michelle L. Dineen Jerrett
                                MICHELLE L. DINEEN JERRETT
                                Assistant U.S. Attorney

Enclosures:  Documents/items bates-numbered 00001 to 00228

cc:    Lisa Belpedio
       Clerk to the Honorable DAVID H. HENNESSY
       (w/o enclosures)