UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.  )<br>)<br>(1)  IVAN CRUZ-RIVERA and  )<br>(2)  CARLOS JIMENEZ  )<br>)<br>Defendant.  )<br>) | Docket No. 16-CR-40025-TSH |

**JOINT MEMORANDUM PURSUANT TO LOCAL RULE 116.5(a)**

The United States of America and the defendants Ivan Cruz-Rivera ("Cruz-Rivera") and Carlos Jimenez ("Jimenez") (together, the "Defendants") through their respective counsel, hereby submit this joint memorandum addressing Local Rule 116.5(a).

**As matters are proceeding to the satisfaction of all parties, the government and the Defendants request that the status conference scheduled for July 22, 2016 be cancelled and an interim status conference date established in approximately 45 days.**

**I.     Local Rule 116.5(a)(1)**

On July 8, 2016, the government produced automatic and voluntary, supplemental discovery as required by Fed. R. Crim. P. 16 and Rules 116.1(c) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts.  The government anticipates providing additional discovery in this matter in the coming days, and has notified defense counsel of its intent to do so.

**II.    Local Rule 116.5(a)(2)**

The government will provide discovery in response to any future request(s) according to the local rules and pursuant to the Federal Criminal Rules of Criminal Procedure, including any

supplemental discovery if any additional materials are obtained.

### III.    Local Rule 116.5(a)(3)

The Defendants need additional time to review the government's automatic discovery before determining whether it will be necessary to file a request for additional materials.

### IV.    Local Rule 116.5(a)(4)

At this time, the parties are not seeking any protective orders to prevent the disclosure or dissemination of sensitive information concerning victims, witnesses, defendants, or law enforcement sources or techniques.   The parties reserve the right to seek such orders in the future, should the need arise.

### V.    Local Rule 116.5(a)(5)

The parties agree that it is too early to set a motion schedule under Fed. R. Crim. P. 12(b). The parties ask that a motion date under Fed. R. Crim. P. 12(c), if necessary, be set at the next status conference after the defense has had a chance to complete its review of the discovery materials provided by the government during automatic discovery, as well as the additional materials the government has subsequently produced.

### VI.    Local Rule 116.5(a)(6)

The parties propose that expert disclosures for the government, if any, be due 45 days before trial and that the Defendants' expert disclosures, if any, be due 21 days before trial.

### VII.    Local Rule 116.5(a)(7)

The government and the Defendants agree that the period from the Defendants' initial appearance and arraignment upon the indictment on June 10, 2016 through July 22, 2016, the date set for the initial status conference, was properly excluded by this Court's order on excludable delay. [D.33].   The government and the Defendants further agree that the time period between

July 22, 2016, and the next status conference should be excluded because the parties have been and are using the period of the continuance to complete production and review of discovery. Therefore, the parties request that this Court find that the ends of justice served by excluding the period of this continuance outweigh the best interest of the public and the defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

## VIII.   Local Rule 116.5(a)(8)

The government and the Defendants request that an interim status conference date be established approximately 45 days in the future.   The Defendants do not yet know whether they will be ready to advise the Court on the next scheduled status date as to whether they will be filing any motions, and if so, which motions they are planning on filing.   They are respectfully reserving their right to ask for a further status conference after the next for that purpose, if needed.

Respectfully submitted,

| | |
|---|---|
| IVAN CRUZ-RIVERA, | CARMEN M. ORTIZ |
| | UNITED STATES ATTORNEY |
| By:  /s/ Syrie Fried (by MLDJ) | |
| Syrie Fried, Esq. | By:  /s/ Michelle L. Dineen Jerrett |
| 2 Clock Tower Place | Michelle L. Dineen Jerrett (BBO # 634930) |
| Guite 260 EF | Assistant U.S. Attorney |
| Maynard, Massachusetts 01754 | United States Attorney's Office |
| syrie@syriefried.com | District of Massachusetts |
| | Donohue Federal Building |
| CARLOS JIMENEZ, | 595 Main Street |
| | Worcester, Massachusetts 01608 |
| By:  /s/ Brad Bailey (by MLDJ) | Michelle.Dineen.Jerrett@usdoj.gov |
| Brad Bailey, Esq. | |
| Brad Bailey Law, P.C. | |
| 10 Winthrop Square, 4th Floor | |
| Boston, Massachusetts 02110 | |
| brad@bradbaileylaw.com | |

Date: July 21, 2016

**CERTIFICATE OF SERVICE**

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

                                    /s/ Michelle L. Dineen Jerrett
                                    Michelle L. Dineen Jerrett
                                    Assistant U.S. Attorney

Date:  July 21, 2016