**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | |
| v. | ) | No. 16-cr-40025-TSH |
| | ) | |
| **CARLOS JIMENEZ** | ) | |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM**
**IN SUPPORT OF REQUEST FOR EVIDENTIARY HEARING**
**ON HIS MOTION TO SUPPRESS EVIDENCE**

Defendant Carlos Jimenez, by and through undersigned counsel, respectfully submits this supplemental Memorandum, requesting an evidentiary hearing on his motion to suppress the statements and physical evidence derived from his vehicle stop by the Massachusetts State Police in Sturbridge, Massachusetts, on October 4, 2013.  The government alleges that Jimenez's Motion to Suppress raises no factual issues in controversy that would entitle him to a hearing.  As set forth more fully below, Jimenez's motion raises several issues of fact entitling him to a hearing, including the validity of any consent to search as well as the suggestiveness of the single-photo identification. Moreover, Jimenez is entitled to a hearing to determine whether Trooper DiCrescenzo stopped his car and decided to interrogate him because of a marked-lanes violation or because it had just come from the Leominster garage that was under investigation by the Drug Enforcement Administration.

When questions of material fact pertinent to the suppression determination are left in such doubt that they cannot reliably be resolved on the extant paper record, a hearing is required.

> A criminal defendant does not have a presumptive right to an evidentiary hearing on a motion to suppress... A hearing is required only if the movant makes a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record... Most importantly, the defendant must show that there are factual disputes which, if resolved in his favor, would entitle him to the requested relief.

*United States v. D'Andrea*, 648 F.3d 1, 5 (1st Cir. 2011). In *D'Andrea*, the Court vacated the defendants' guilty pleas after their suppression motions were denied without a hearing, holding that a hearing was needed to determine the extent and timeline of the anonymous tipster's interaction with police to determine whether the search of a password-protected site fell under the protections of the Fourth Amendment.

Here, Jimenez's Motion to Suppress sets forth several material facts similarly in dispute, the resolution of which will determine the success of his motion:

The validity of any consent given by Jimenez: Trooper DiCrescenzo's report states only that he "informed Jimenez of what I saw in the vehicle and asked for his consent to search the vehicle and he consented." Although courts "look beyond the language of the consent itself" to determine objective reasonableness, surely the language of the consent is a starting point, and a required one, for this determination. *United States v. Turner*, 169 F.3d 84, 87 (1st Cir. 1999).

The admissibility of the single-photo identification of Jimenez by CW: TFO Maki's report says that he showed CW Jimenez's license photo to the CW (but not for how long) and that he "indicated" that he had only met him the once but that he was

"pretty" sure it was him in response. In deciding whether a suggestive identification was nevertheless reliable under the circumstances courts consider five factors, including the witness's opportunity to observe the defendant and degree of attention, that are not determinable from the extant record and require testimony from the cooperating witness. *See United States v. Smith*, 429 F. Supp. 2d 440, 448 (D. Mass. 2006). Given the immense inherent suggestibility of the single-photo identification in the proffer session based on the brief encounter ten months ago, it would be error to deny Jimenez's motion without offering him the opportunity to explore the exact wording and circumstances of this identification. *Contrast United States v. Torres-Rodriguez*, 10 F.Supp.2d 87, 90 (1998) (where defendant had not shown how five-person array was suggestive and defendant and government's version of identification "essentially coincide[d]," hearing was not required).

Finally, while nowhere in the DEA or Massachusetts State Police reports do the two ends of the investigation report having shared any information about the DEA investigation prior to the stop, neither have they denied that they did so. The two-pronged nature of Jimenez's argument in his suppression motion makes clear that a hearing addressing whether, in fact, Trooper DiCrescenzo was aware of the DEA investigation when he pulled over Jimenez's Lexus and interrogated him as a possible drug smuggler -- or whether his observance of the marked lanes violation was the coincidence he represents it to be -- would affect this Court's analysis and determination of the quantum of probable cause. Specifically, whether DiCrescenzo was aware of the DEA's investigation is directly relevant to Jimenez's argument that by interrogating him,

DiCrescenzo was unreasonably exceeding the purpose of his stop: investigating a marked lanes violation.  *See Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015).

Jimenez has raised several claims of error significantly supported by the extant written record.  To the extent that an evidentiary hearing could clarify large areas of vagueness and doubt surrounding the factual circumstances of the search and his identification by the CW and "reveal facts sufficient to enable an informed decision" on "potentially applicable Fourth Amendment doctrines", it would be error to deny his motion without offering him the opportunity for cross-examination afforded by a hearing.  *See D'Andrea*, 648 F.3d at 12.

WHEREFORE, the defendant respectfully requests an evidentiary hearing be granted on his Motion to Suppress.

Dated:  March 10, 2017                    Respectfully submitted,

                                          CARLOS JIMENEZ

                                          By and through his attorneys,

                                           /s/ *R. Bradford Bailey*

                                          R. Bradford Bailey, BBO#549749
                                          BRAD BAILEY LAW, P.C.
                                          10 Winthrop Square, 4th Floor
                                          Boston, Massachusetts 02110
                                          Tel.: (857) 991-1945
                                          Fax: (857) 265-3184
                                          brad@bradbaileylaw.com

<u>Certificate of Service</u>

I, R. Bradford Bailey, hereby certify that on this the 10th day of March, 2017, I caused a true copy of the foregoing memorandum to be served upon all necessary parties by virtue of electronically filing the same vie the CM/ECF filing system.

      /s/ *R. Bradford Bailey*

      R. Bradford Bailey