

**U.S. Department of Justice**

*William D. Weinreb*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (508) 368-0100*
*Facsimile:        (508) 756-7120*

*Federal Building & Courthouse*
*595 Main Street, Suite 206*
*Worcester, Massachusetts  01608*

September 29, 2017

***Electronically Through ECF System***

The Honorable Timothy S. Hillman
United States District Court
Donohue Federal Building
595 Main Street
Worcester, Massachusetts 01608

      Re:    *United States v. Ivan Cruz-Rivera and Carlos Jimenez,*
               Criminal No. 16-40025-TSH

Dear Judge Hillman:

      I am writing to follow-up on a question raised during the argument on the Defendants' Motions to Suppress in this matter held by the Court on September 28, 2017.

      At the outset of the government's argument, the Court inquired about the "collective knowledge" doctrine. Under that doctrine, "law enforcement officials cooperating in an investigation are entitled to rely upon each other's knowledge of facts when forming the conclusion that a suspect has committed or is committing a crime." United States v. Meade, 110 F.3d 190, 193 (1st Cir. 1997). "The collective knowledge doctrine permits an officer to stop, search, or arrest a suspect at the direction of another office or police agency, even if the officer himself does not have firsthand knowledge of facts that amount to the necessary level of suspicion to permit the given action." United States v. Williams, 627 F.2d 247, 252 (7th Cir. 2010); see also United States v. Fiasconaro, 315 F.3d 28, 36 (1st Cir. 2002) (the focus is on the aggregate knowledge possessed by all of the officers involved in the investigation).

      Although the government intends to submit supplemental briefing in this case, including on the collective knowledge doctrine, as I indicated yesterday, there are two recent court decisions that post-dated the government's opposition that was filed in December 2016.

As the First Circuit has previously recognized, "reasonable suspicion or even probable cause can be established by the 'collective knowledge' or 'pooled knowledge' principle." United States v. Barnes, 506 F.3d 58, 62-63 (1st Cir. 2007). This principle was reaffirmed in the two 2017 opinions, both of which are attached for the Court's reference: United States v. Arias, 848 F.3d 504, 512 (1st Cir. 2017) and United States v. Mott-Frye, 2017 WL 1508176 at *4 (Saris, CJ) (D. MA 4/26/2017).

The First Circuit's opinion in Arias is particularly instructive. In that case, the defendant was pulled over on two separate occasions by two separate members of the Saugus Police Department, both times at the direction of a Saugus Police Detective working as a DEA task force officer, although there is no discussion in the opinion about what information, if any, was shared by the Saugus Police Detective who directed the stops. In affirming that there was reasonable suspicion for the car stops, the First Circuit citing Barnes, stated "it is undisputed that Detective Moynihan and Officer Cabral executed the stops at the direction of Detective Gecoya. Thus, if Gecoya had the requisite reasonable suspicion, it may be imputed to the officers executing the stop."

Very truly yours,

WILLIAM D. WEINREB
Acting United States Attorney

By:   */s/ Michelle L. Dineen Jerrett*
MICHELLE L. DINEEN JERRETT
Assistant U.S. Attorney

cc:   R. Bradford Bailey, Esq.
Syrie D. Fried, Esq.