UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | |
|---|---|
| v. | No. 16-CR-40025-TSH |
| CARLOS JIMENEZ | |

**DEFENDANT'S FURTHER SUPPLEMENTAL RESPONSE IN SUPPORT OF HIS MOTION TO SUPPRESS EVIDENCE AND STATEMENTS**

Defendant Carlos Jimenez, by and through undersigned counsel, hereby submits this Further Supplemental Response in response to the Government's letter dated September 29, 2017. As the Government has stated in its letter, because the State Police acted at the direction of the DEA in stopping and searching Jimenez's vehicle[1], they contend it is the collective knowledge of the officers involved in the DEA investigation to which this Court must look in determining the quantum of probable cause. Jimenez submits that the testimony adduced at the suppression hearing has made it abundantly clear that, consistent with Vitale's instructions to DiCrescenzo that he would "have to develop his own probable cause" in both stopping, and trying to get inside, the vehicle, at no time did the DEA have even reasonable suspicion of Jimenez's involvement in the drug trade.

---

[1] At the hearing, DiCrescenzo testified to receiving a call from Trooper Vitale where Vitale described the Lexus and its occupants and told him they were coming from a drug deal in Leominster and that the car contained a large amount of drugs, cash, or both; Vitale, in turn, acknowledged he told DiCrescenzo the car may or may not contain drugs, cash, or both. Vitale also told DiCrescenzo to find a reason to stop the car and search it if possible, but that he would have develop his own probable cause.

1

"When an officer relies in whole or in part on information provided by another member for the force, [u]nder the 'collective knowledge' or 'pooled knowledge' principle, reasonable suspicion can be imputed to the officer conducting a search if he acts in accordance with the direction of another officer who has reasonable suspicion. Conversely, if the information is given from one officer to another in the absence of reasonable suspicion, reliance upon it runs afoul of the Fourth Amendment." *United States v. Shaw*, 874 F. Supp. 2d 13, 22 (D. Mass. 2012). "Reasonable suspicion is an intermediate standard below that of probable cause that simply requires more than a naked hunch that a particular person may be engaged in some illicit activity." *United States v. Mott-Frye*, 251 F. Supp. 3d 310, 314–315 (D. Mass. 2017).

The testimony adduced at the suppression hearing made clear that, while the DEA agents may have built an extensive case against their investigation's target, CW, what they had against Jimenez's Lexus was the barest hunch. Their confidential informant told them unexpectedly that their target was going to be receiving a large shipment of heroin, and they thought that the otherwise unfamiliar car he waved in and out of the garage might have been the one to deliver it, notwithstanding the fact that the Lexus was seen leaving the garage at least forty-five (45) minutes prior to any drug transaction occurring and that multiple other vehicles were observed arriving at, and leaving, the garage during the relevant timeframe.

The cases cited by the Government can be readily distinguished on this point. Even if all of the fruits of the DEA investigation are imputed to Trooper DiCrescenzo, those fruits included no observations or other evidence whatsoever implicating Jimenez or his passenger in drug sales or any other criminal activity. *See United States v. Arias*,

848 F.3d 504, 512-513 (1st Cir. 2017) (wiretaps correlating with surveillance of drug transactions over a two-day period); *Mott-Frye*, 251 F.Supp. 3d at 314-315 (wiretaps and surveillance for over a year).  The DEA had no information as to how or by whom the heroin was to be delivered, and nothing to single out Jimenez's car from the multiple others who entered and left the garage during their surveillance that day (but that their target appeared to be giving them directions).[2]  A single, isolated observation of a defendant at a location believed to be a stash house, without more, has never been sufficient to support reasonable suspicion or probable cause.  *See, e.g., United States v. Fernandes*, 708 F.Supp. 2d 130, 136 (D. Mass. 2010) (mere presence in a high crime area is not sufficient reason for Terry stop).

Even if this Court finds that Trooper DiCrescenzo was entitled to stop the Lexus based upon the supposed marked lanes violation, Jimenez remains entitled to relief stemming from DiCrescenzo's improper extension of his traffic stop pursuant to *Rodriguez v. United States*, 135 S. Ct. 1609, 1612 (2015), based on less than reasonable suspicion of involvement in heroin trafficking.  All that Jimenez said before DiCrescenzo checked for warrants was that he had been in Lawrence that day visiting family.  Despite DiCrescenzo's suspicions, this statement was not even inconsistent with the DEA's investigation: by the time of the stop in midafternoon, it was entirely possible for Jimenez and his passenger to have made two stops in Massachusetts that day, Jimenez to visit his family in Lawrence and his passenger in Leominster to try to purchase a truck.  The warrant check simply should have resulted in the preparation of a citation for the marked lanes violation and the conclusion of the legitimate business of the stop.

---

[2] It is not particularly clear why the DEA found this suspicious: If Jimenez's Lexus was the target's regular heroin dealer, he would not have needed directions.

3

WHEREFORE, the defendant respectfully requests that his motion to suppress evidence and custodial statements be granted.

Dated: October 28, 2017

Respectfully submitted,
CARLOS JIMENEZ
By and through his attorneys,

/s/ *R. Bradford Bailey*
R. Bradford Bailey, BBO#549749
BRAD BAILEY LAW, P.C.
10 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
Tel.: (857) 991-1945
Fax: (857) 265-3184
brad@bradbaileylaw.com

## Certificate of Service

I, R. Bradford Bailey, hereby certify that on this the 28th day of October, 2017, I caused a true copy of the foregoing *Defendant's Further Supplemental Response in Support of his Motion to Suppress Evidence and Statements* to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

/s/ *R. Bradford Bailey*
R. Bradford Bailey