UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 16-CR-40025-TSH |
| (1)   IVAN CRUZ-RIVERA and | ) | |
| (2)   CARLOS JIMENEZ | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION IN LIMINE CONCERNING THE ADMISSIBILITY
OF LAW ENFORCEMENT LAY OPINION TESTIMONY**

The government anticipates that it will introduce opinion testimony from various law enforcement officers, including Fitchburg Police Sergeant John E. Maki and Massachusetts State Police Trooper David DiCrescenzo, concerning their observations of various matters and the opinions that they drew from those observations. The government anticipates that this testimony may cover the following topics, among others:

(1) the distribution of heroin to areas in Massachusetts from areas outside of Massachusetts, specifically the New York and New Jersey areas, and the transportation of money derived from the sale of narcotics from Massachusetts back to the New York and New Jersey areas;

(2) common packaging of currency relating to drug trafficking;

(3) the process of "stepping on" heroin whereby individuals involved in the heroin distribution chain frequently will mix the heroin with other substances, thereby increasing the volume of product (and necessarily decreasing the purity level) for sale;

(4) the organization and hierarchy of narcotics trafficking organizations, including testimony that in their experience, narcotics trafficking organizations customarily do not introduce suppliers to customers;

(5) the estimated cost of ½ kilogram of heroin in Massachusetts in 2013;

(6) the techniques utilized by law enforcement to detect and penetrate narcotics trafficking organizations, including the use of cooperating witnesses and/or

confidential sources, the use of undercover officers, controlled purchases of heroin, the use of recording devices, and the use of surveillance; and

(7) interpretation of certain code words and seemingly innocuous phrases used by individuals involved in the pertinent drug transactions (in recorded conversations the government will seek to introduce) in an to attempt to disguise the fact that they were involved in the distribution of heroin and moneys owed

## ARGUMENT

Fed. R. Evid. 701 governs opinion testimony by lay witnesses. Under the rule, a non-expert witness may testimony in the form of opinion if the testimony is

(a) rationally based on the witness's perception;

(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and

(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701; *see also United States v. Diaz-Arias,* 717 F.3d 1, 11-13 (1st Cir. 2013) (allowing the government to introduce lay opinion testimony from a Spanish-speaking state trooper because it was helpful to the jury in drawing the inferences and conclusions necessary to identify the defendant's voice); *United States v. Albertelli*, 687 F.3d 439, 446–47 (1st Cir. 2012) (lay opinion must be based on the witness's perception, potentially helpful to the jury, and not based on expert knowledge). "[T]he touchstone for the admissibility under Rule 701 of such lay-opinion testimony is whether the testimony has the 'potential to help the jury.'" *United States v. Spencer,* 873 F.3d 1, 14 (1st Cir. 2017) (quoting *Albertelli,* 687 F.3d at 447). "Helpful testimony is typically based on the lay expertise a witness personally acquires through experience, often on the job." *Spencer,* 873 F3.d at 14 (internal quotation and citations omitted).

Courts regularly permit law enforcement witnesses to testify about various matters within their extensive experience as lay witness testimony under Rule 701. Such testimony often concerns the modus operandi of drug distribution. *United States v. Moon,* 802 F.3d 135, 147–48 (1st Cir. 2015) (permitting officer's testimony that drugs appeared to be heroin and crack cocaine and that drug dealers often possess firearms was properly admitted under Rule 701); *United States v. Spencer,* 873 F.3d at 13–14 (permitting officers' testimony that defendants' patterns of conduct and speech were, on the basis of their experience, believed to be typical of those working together as a team in selling drugs); *United States v. Valdivia*, 680 F.3d 33, 50–51 (1st Cir. 2012) (permitting officer's testimony that drug traffickers frequently put their phones in fictitious names).

"A police officer noticing patterns of behavior across criminal operations uses straightforward logic to conclude a defendant's behavior fits within that patterns and thus, does not need to be qualified as an expert." *United States v. Vega,* 813 F.3d 386, 394 (1st Cir. 2016). Testimony by a law enforcement agent about the drug quantity signifying distribution as opposed to personal use, the tools of the drug trade, and transportation of drugs are all admissible as lay testimony. *See United States v. Maher,* 454 F.3d 13, 24 (1st Cir. 2006) (holding that an officer's testimony that, based on his experience, certain post-it notes were likely drug orders and the number "4" likely referred to a quantity of drug found by law enforcement "did not cross the line to become expert testimony"); *United States v. Ayala–Pizarro,* 407 F.3d 25, 29 (1st Cir. 2005) (holding that an officer's testimony that heroin seized at drug points was typically packed in aluminum decks and that the heroin seized in the case was packaged in such decks was Rule 701 testimony). Agent testimony under Rule 701 is also admissible to explain coded language used by drug traffickers. *See, e.g., United States v. Belanger,* 890 F.3d 13, 27–29 (1st Cir. 2018)

(allowing testimony by a Special Agent in the Drug Enforcement Agency to help the jury understand drug slang in recorded phone calls); *United States v. Dunston,* 851 F.3d 91, 97 (1st Cir. 2017) (finding that the admission of a law enforcement officer's testimony "was comfortably within the ambit of the district court's discretion" because the officer was "knowledgeable about the idiom of the drug trade and, in particular, the vernacular of this group of miscreants").

      Here, the anticipated law enforcement testimony regarding the above-identified topics will certainly assist the trier of fact to determine facts at issue in the case. A typical juror is unlikely to be familiar with the practices of drug traffickers engaged in drug transactions.

Respectfully submitted,

ANDREW E. LELLING<br>
United States Attorney

By:     */s/ Michelle L. Dineen Jerrett*
        MICHELLE L. DINEEN JERRETT
        WILLIAM F. ABELY
        Assistant United States Attorneys
        United States Attorney's Office
        595 Main Street
        Worcester, Massachusetts 01608
        michelle.dineen.jerrett@usdoj.gov

Dated: November 5, 2018

CERTIFICATE OF SERVICE

This is to certify that I have served counsel of record for the Defendants a copy of the foregoing document by ECF.

                */s/ Michelle L. Dineen Jerrett*
                MICHELLE L. DINEEN JERRETT
                Assistant U.S. Attorney

Dated: November 5, 2018

RULE 7.1 CERTIFICATION

This is to certify that counsel to the United States has conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

                */s/ Michelle L. Dineen Jerrett*
                MICHELLE L. DINEEN JERRETT
                Assistant U.S. Attorney

Dated: November 5, 2018