**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 16-CR-40025-TSH |
| (1)    IVAN CRUZ-RIVERA and | ) | |
| (2)    CARLOS JIMENEZ | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**GOVERNMENT'S MOTION PURSUANT TO *UNITED STATES V. RENGIFO*
REGARDING ENGLISH-LANGUAGE
TRANSLATIONS OF RECORDED SPANISH CONVERSATIONS**

The United States of America, by its attorneys, United States Attorney Andrew E.

Lelling, and Assistant United States Attorneys Michelle L. Dineen Jerrett and William F. Abely,

and moves to introduce into evidence at trial: (1) copies of original recordings made during the

investigation of this case, which recordings are in Spanish; and (2) transcripts which contain the

English translations of those conversations. The government further moves to introduce into

evidence all or part of the English translations as well as to put the English translations as sub-

titles on the recordings.

**BACKGROUND**

On October 4, 2013, a confidential source ("CS") acting at the direction of agents from

the Drug Enforcement Administration ("DEA") purchased 125 grams of heroin from an

individual (the "Individual") at an auto body garage located at 105/107 Union Street,

Leominster, Massachusetts (the "105/107 Garage").  The CS had negotiated the deal with the

Individual earlier that day, during which the Individual (1) indicated to the CS that the drugs

were on the way and (2) received telephone calls from an individual to whom the Individual

1

appeared to be giving directions to the 105/107 Garage. The CS and the vehicle in which he was riding were outfitted with audio and video recording and transmitting equipment, and the CS's interaction with the Individual was captured on both recording devices. Within minutes after the CS left the 105/107 Garage, agents observed the Individual exit the front bay of the 105/107 Garage, on his cell phone, appearing to have a conversation on the cell phone, walk to the street and motion to a NJ Lexus (the "NJ Lexus") which pulled into the driveway at the 105/107 Garage and drive to the rear part of the building. Just under 2 hours after it arrived, surveillance observed the NJ Lexus, occupied by two individuals subsequently identified as the defendants in this case, leave the 105/107 Garage. Within approximately 45 minutes of the NJ Lexus leaving the 105/107 Garage, the CS returned and purchased 125 grams of heroin from the Individual, which was also audio and video recorded. During the time between when the CS left the 105/107 Garage and the time he returned, the audio and video recording equipment recorded additional conversation the CS had with law enforcement and the CS's side of telephone calls he had with an associate of the Individual. The vast majority of the conversation is in Spanish, although there is a limited amount of English spoken as well.

The government also has recorded telephone conversations between the Individual and the defendant, Ivan Cruz-Rivera, that were obtained from recorded telephone lines at two separate detention facilities in which the Individual was being held at various points after the October 4, 2013 drug deal. These conversations likewise are predominantly in Spanish.

The government is in the process of having all of the above-identified conversations translated from Spanish to English and also transcribed. The government anticipates that those

transcripts will be completed sometime during the week of November 5, 2018 and will provide them to defense counsel once they are finalized.

The government moves for leave to introduce into evidence at trial copies of the original recordings which include the conversations that took place in Spanish, and transcriptions of those calls which include the English translations of those conversations.   United States v. Rengifo, 789 F.2d 975, 983 (1st Cir. 1986) (finding that English-language translations of tape-recorded conversations that originally took place in Spanish are admissible as substantive evidence; that such transcripts may go to the jury room; and that the government may use readers to read the English translations as an alternative to playing the tape recording).  The government also seeks to prepare copies of the recorded meetings and conversations with the English translations placed as sub-titles on the recordings so as to enable the jury to watch the recordings and the English translations without having to divert their attention to the English transcripts.  The government will provide copies of the prepared recordings with the sub-titles to defense counsel and the court as soon as they are available, and in advance of trial.

## CONCLUSION

Based on the foregoing, the government's motion for leave to introduce into evidence at trial copies of the original recordings and the English translations of those conversations,

to read into evidence all or part of the English translations, and to utilize the English

translations as sub-titles on the recordings should be allowed.


                                        Respectfully submitted,

                                        ANDREW E. LELLING
                                        United States Attorney

                              By:       */s/ Michelle L. Dineen Jerrett*
                                        MICHELLE L. DINEEN JERRETT
                                        WILLIAM F. ABELY
                                        Assistant United States Attorneys
                                        United States Attorney's Office
                                        595 Main Street
                                        Worcester, Massachusetts 01608

Dated:  November 5, 2018


## CERTIFICATE OF SERVICE

        This is to certify that I have served counsel of record for the Defendants a copy of the
foregoing document by ECF.

                                        */s/ Michelle L. Dineen Jerrett*
                                        MICHELLE L. DINEEN JERRETT
                                        Assistant U.S. Attorney
Dated: November 5, 2018

## RULE 7.1 CERTIFICATION

        This is to certify that counsel to the United States has conferred with opposing counsel
and have attempted in good faith to resolve or narrow the issue.

                                        */s/ Michelle L. Dineen Jerrett*
                                        MICHELLE L. DINEEN JERRETT
                                        Assistant U.S. Attorney
Dated: November 5, 2018