UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 16-CR-40025-TSH |
| (1)   IVAN CRUZ-RIVERA and | ) | |
| (2)   CARLOS JIMENEZ | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S MOTION IN LIMINE TO PROHIBIT DEFENSE COUNSEL FROM ELICITING SELF-SERVING, EXCULPATORY STATEMENTS MADE BY THE DEFENDANTS FROM PROSECUTION WITNESSES**

The United States, by and through its undersigned attorneys, hereby moves, in limine, to prohibit defense counsel from eliciting self-serving, exculpatory statements of the defendants during the cross examination of any prosecution witness during the trial of this case. Under Rule 801(d)(2)(A), admissions by a party-opponent, which are offered against the party, are not hearsay. Admissions elicited to help the party, however, do not fall under the rule and are inadmissible hearsay.

**BACKGROUND**

Defendants Ivan Cruz-Rivera ("Cruz-Rivera") and Carlos Jimenez ("Jimenez") (together, "Defendants") are charged in a two count indictment with Conspiracy to Possess with Intent to Distribute and to Distribute Heroin, in violation of 21 U.S.C. § 846, and Possession of Heroin with the Intent to Distribute and Distribution of Heroin, in violation of 21 U.S.C. § 841(a)(1). Specifically, the indictment alleges that on or about October 4, 2013, in Leominster, Massachusetts, the defendants knowingly and intentionally conspired to possess with intent to distribute and to distribute 100 grams or more of heroin, and did distribute more than 100 grams of heroin on that same date.

The government anticipates that at trial there will be testimony concerning a motor vehicle stop on October 4, 2013 of a Gray Lexus bearing NJ registration D17CLD (the "NJ Lexus") being driven by Jimenez and in which Cruz-Rivera was a passenger. The government anticipates that the Massachusetts State Police trooper who effectuated the motor vehicle stop will testify that one or both of the Defendants made statements regarding their trip that day from Englishtown, NJ (where Jimenez lived) to Lawrence, MA to visit unnamed family members (of Jimenez's family) at an unknown location, including, *inter alia*, statements that they did not make any stops other than Lawrence, MA.

During the motor vehicle stop, in response to a question from Trooper DiCresenzo about whether there were any large sums of cash in the car, Jimenez stated that the passenger (Cruz-Rivera) had some money but he did not know how much, and further stated that the Cruz-Rivera was looking at a truck to purchase. Troopers subsequently recovered $44,000 in U.S. currency from a backpack in the car. Cruz-Rivera later made a similar statement that he was looking to purchase a truck.

## ARGUMENT

Fed. R. Evid. 801(d)(2)(A) provides that statement is not hearsay if "the statement is offered against an opposing party and . . . was made by the party in an individual or a representative capacity . . ." The rule "is designed to exclude the introduction of self-serving statements by the party making them." United States v. Palow, 777 F.2d 52, 56 (1st Cir. 1985); see United States v. Rivera-Hernandez, 497 F.3d 71, 82 n.5 (1st Cir. 2007) ("[C]ourts (including our own) have interpreted the requirement that a statement be offered 'against a party' to mean that it must be introduced against that party's position at trial"). Admissibility of admissions by

a party-opponent is the result of "the adversary system rather than satisfaction of the conditions of the hearsay rule." Fed. R. Evid. 801(d)(2) Advisory Committee's note.

Pursuant to Rule 801(d)(2)(A) and this rationale, the government is permitted to introduce inculpatory statements made by the defendants, who are party-opponents. While the government may elicit admissions by a party-opponent, Rule 801(d)(2)(A) "does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses." United States v. McDaniel, 398 F.3d 540, 545 (6th Cir. 2005) (emphasis in original); United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996) (observing "[t]he rules do not . . . provide an exception for self-serving, exculpatory statements made by a party which are being sought for admission by that same party").

During cross-examination, defense counsel should not be allowed to elicit the defendants' self-serving exculpatory statements about Cruz-Rivera looking to purchase a truck through the prosecution's witnesses (as the purported explanation for the significant amount of cash recovered in the car). This testimony will fall under the umbrella of hearsay, "a statement that . . . the declarant does not make while testifying at the current trial or hearing; and . . . a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). The statements would be not be admissible under 801(d)(2)(A), because they are not against the parties' interests. See Palow, 777 F.2d at 56 (noting that rule 801(d)(2)(A) "requires that the admission at issue be contrary to a party's position at trial"). If the statements were admissible, "parties could effectuate an end-run around the adversarial process by, in effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury." McDaniel, 398 F.3d at 545. With no exception applicable to the statements, the testimony should be barred as inadmissible hearsay.

**CONCLUSION**

Based on the foregoing, the government respectfully requests that defense counsel be prohibited from commenting upon or eliciting in any way during their cross-examination of government witnesses or his examination of defense witnesses, evidence of any self-serving, exculpatory statements made by the defendants.

                                            Respectfully submitted,

                                            ANDREW E. LELLING
                                            United States Attorney

By:   */s/ Michelle L. Dineen Jerrett*
        MICHELLE L. DINEEN JERRETT
        WILLIAM F. ABELY
        Assistant United States Attorneys
        United States Attorney's Office
        595 Main Street
        Worcester, Massachusetts 01608
        michelle.dineen.jerrett@usdoj.gov

Dated: November 5, 2018

**CERTIFICATE OF SERVICE**

This is to certify that I have served counsel of record for the Defendants a copy of the foregoing document by ECF.

                                            */s/ Michelle L. Dineen Jerrett*
                                            MICHELLE L. DINEEN JERRETT
                                            Assistant U.S. Attorney

Dated: November 5, 2018

**RULE 7.1 CERTIFICATION**

This is to certify that counsel to the United States has conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

                                            */s/ Michelle L. Dineen Jerrett*
                                            MICHELLE L. DINEEN JERRETT
                                            Assistant U.S. Attorney

Dated: November 5, 2018