UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 16-CR-40025-TSH |
| (1)    IVAN CRUZ-RIVERA and | ) | |
| (2)    CARLOS JIMENEZ | ) | |
| | ) | |
| Defendants. | ) | |

## GOVERNMENT'S REQUEST FOR JURY INSTRUCTIONS

Now comes the United States, through undersigned counsel, and pursuant to Rule 30 of

the Federal Rules of Criminal Procedure and the Court's pre-trial order, submits the attached jury

instructions.   The government requests that the Court instruct the jury in accordance with the

proposed instructions, in addition to its usual instructions in criminal cases.   The government

reserves its right to supplement or modify these requested instructions in light of the requests, if

any, filed by the defendant and the evidence in the case.

Respectfully submitted,

ANDREW E. LELLING
United States Attorney

By:    */s/ Michelle L. Dineen Jerrett*
MICHELLE L. DINEEN JERRETT
WILLIAM F. ABELY
Assistant United States Attorneys
United States Attorney's Office
595 Main Street
Worcester, Massachusetts 01608

1

# TABLE OF CONTENTS

DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW ..................................................4

PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT.................5

NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE...........................................6

DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY...........................................7

WHAT IS EVIDENCE; INFERENCES........................................................................................8

KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL................................................ 9

WHAT IS NOT EVIDENCE.......................................................................................................11

CONDUCT OF THE JURY ........................................................................................................13

CSI EFFECT................................................................................................................................15

REASONABLE CONSIDERATION...........................................................................................16

CREDIBILITY OF WITNESSES ...............................................................................................17

EXPERT WITNESSESS .............................................................................................................18

CAUTIONARY AND LIMITING INSTRUCTIONS AS TO PARTICULAR
KINDS OF EVIDENCE ..............................................................................................................19

STIPULATIONS ..........................................................................................................................20

"ON OR ABOUT" - EXPLAINED ..............................................................................................21

CONSPIRACY ............................................................................................................................22

ELEMENTS OF COUNT ONE....................................................................................................23

COUNT TWO...............................................................................................................................25

ELEMENTS OF POSSESSION WITH INTENT TO DISTRIBUTE  ........................................26

ELEMENTS OF DISTRIBUTION OF HEROIN  ......................................................................28

AIDING AND ABETTING.................................................................................................29

INTENT ...........................................................................................................................31

STAKE IN THE OUTCOME ............................................................................................32

ACTS AND DECLARATIONS OF CO-CONSPIRATORS ........................................33

CONTROLLED SUBSTANCE.........................................................................................34

CONSPIRACY – DRUG QUANTITY .........................................................................35

DEFINITION OF "KNOWINGLY" .............................................................................36

USE OF RECORDINGS AND TRANSCRIPTS ............................................................37

LANGUAGE OF THE INDICTMENT:   "AND" VERSUS "OR"...............................38

STATEMENTS BY DEFENDANT .................................................................................39

SUBMITTING THE INDICTMENT ..............................................................................40

PUNISHMENT................................................................................................................41

FOREPERSON'S ROLE; UNANIMITY .......................................................................42

CONSIDERATION OF EVIDENCE ..............................................................................43

REACHING AGREEMENT ............................................................................................44

RETURN OF VERDICT FORM......................................................................................45

COMMUNICATION WITH THE COURT ....................................................................46

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case.    To those facts you must apply the law as I give it to you.    The determination of the law is my duty as the presiding judge in this court.    It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy.    That means that you must decide the case solely on the evidence before you and according to the law.    You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.    You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

*See* Judge D. Brock Hornsby's 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.01.

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.   The presumption is not a mere formality.   It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.   The defendants before you have the benefit of that presumption throughout the trial, and you are not to convict them of any crime charged unless you are persuaded of their guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that the defendants are guilty of the crime with which they are charged beyond a reasonable doubt.   The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to the defendants.   It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.   The defendants have the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crimes charged against them.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to either of the defendants' guilt, it is your duty to acquit him.   On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of the defendants' guilt, you should vote to convict them.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.02.

**NATURE OF INDICTMENT -- PRESUMPTION OF INNOCENCE**

This criminal case has been brought by the United States government.   I will sometimes refer to the government as the prosecution.   The government is represented at this trial by Assistant United States Attorneys Michelle Dineen Jerrett and William Abely.   The defendant, Ivan Cruz-Rivera, is represented by Attorney Syrie Fried.   The defendant, Carlos Jimenez, is represented by Attorney Brad Bailey.

The defendants have been charged by the government with violations of federal law.   In Count One, the defendants are charged with conspiracy to possess with intent to distribute heroin or to distribute heroin on or about October 4, 2013, in Leominster, Massachusetts, and elsewhere in the District of Massachusetts.   Count Two charges that on or about October 4, 2013, the defendants possessed with intent to distribute or distributed more than 100 grams of a mixture or substance containing heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §841(a)(1).   Section 841(a)(1) of the federal criminal code makes it illegal to distribute heroin or to possess heroin intending to distribute it to someone else.

The charges against the defendants are contained in an Indictment.   The Indictment is simply a description of the charges against the defendants; it is not evidence of anything.   The defendants have pleaded not guilty to the charges and deny committing the crimes.   They are presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven their guilt beyond a reasonable doubt.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 1.02.

**DEFENDANTS' CONSTITUTIONAL RIGHT NOT TO TESTIFY**

Each defendant has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that either of the defendants did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.03.

## WHAT IS EVIDENCE; INFERENCES

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and [defendant] accept the truth of a particular proposition or fact. Since there is no disagreement, there is no need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, §3.04.

## KINDS OF EVIDENCE: DIRECT AND CIRCUMSTANTIAL

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Direct evidence is where a witness testifies to what he saw, heard, or observed.   In other words, when a witness testifies about what is known to him of his own knowledge by virtue of his own senses – what he sees, hears, touches, or feels – that is called direct evidence.   Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts.   Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

There is a simple example of circumstantial evidence which is often used in this courthouse.   Assume that when you came into the courthouse this morning the sun was shining and it was a nice day.   Assume that later in the day, as you were sitting in the jury room, someone walked in with an umbrella which was dripping wet.   Somebody else then walked in with a raincoat which also was dripping wet.

Now, you cannot look outside of the jury room and you cannot see whether or not it is raining.   So you have no direct evidence of that fact.   But, on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.   Inferences are deductions or conclusions which reason and common sense lead you to draw from the facts as established by the evidence.

That is all there is to circumstantial evidence.   You infer on the basis of reason and

experience and common sense from an established fact the existence or the nonexistence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that before convicting a defendant, the jury must be satisfied of the defendant's guilt beyond a reasonable doubt from all of the evidence in the case.   In reaching your verdict it is permissible to draw and rely upon inferences from the evidence.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.05; and L. B. Sand, Modern Federal Jury Instruction: Criminal ¶ 5-2 (1990).

## WHAT IS NOT EVIDENCE

Certain things are not evidence. I will list them for you:

1.      Arguments and statements by lawyers, or in this case, the defendants, are not evidence. The lawyers are not witnesses.   Nor are the defendants in this case.   What they say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them from the evidence differ from the way the lawyers or the defendants have stated them, your memory of them controls.

2.      Questions and objections by lawyers or, in this case, the defendants, are not evidence. The defendants have a duty to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it.

3.      Anything that I have excluded from evidence or ordered stricken and instructed you to disregard is not evidence. You must not consider such items.

4.      Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

5.      The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that the defendants have had an indictment filed against them is no evidence whatsoever of their guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

11

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.08.

## CONDUCT OF THE JURY

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors.   "Anyone else" includes members of your family and your friends.   You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it.   If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.   It is important not only that you do justice in this case, but that you also give the appearance of doing justice.   If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused.   If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

Sixth, do not do any research, such as consulting dictionaries or other reference materials

including the Internet, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the court security officer to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.   Keep an open mind until then.

Adapted From Pattern Criminal Jury Instructions for the District Courts of the First Circuit (Judge D. Brock Hornby's 2018 Revisions), Instruction No. 1.07 (2018).

**CSI EFFECT**

Let me talk for a moment about television and movies.   Many people watch television shows or movies about police work or lawyers or the criminal justice system, and sometimes people are affected by that when they serve as jurors.   Television shows and movies can create false expectations about real life; for example, how the trial is going to proceed, what the evidence might look like.   You must decide this case on the evidence in front of you and the law as I give it to you.   Do not decide this case, even in part, based on something you saw on television or in a movie.   It's improper and unfair.

Adapted from the preliminary charge in <u>United States v. Diana Piesak</u>, 06-40016-FDS.

## REASONABLE CONSIDERATION

In coming to your decision, you should consider the evidence in the same way that all reasonable persons would treat any question presented to them.   You are expected to use your good sense, consider the evidence in the case for only those purposes for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

*See* Devitt and Blackmar, Federal Jury Practice and Instructions, 15.01 (3d ed. 1977).

## CREDIBILITY OF WITNESSES

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented. You do not have to accept the testimony of any witness if you find the witness not credible. You must decide which witnesses to believe and which facts are true.   To do this, you must look at all the evidence, drawing upon your common sense and personal experience.

You may want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias they may have displayed; any interest you may discern that they may have in the outcome of the case; any prejudice they may have shown; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition § 3.06.

## EXPERT WITNESSES

You have heard testimony from an individual described as an expert.    An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 3.07.

**CAUTIONARY AND LIMITING INSTRUCTIONS AS TO
PARTICULAR KINDS OF EVIDENCE**

A particular item of evidence is sometimes received for a limited purpose only.   That is,

it can be used by you only for one particular purpose, and not for any other purpose.

Throughout the trial, I have told you when that occurred, and instructed you on the purposes for

which the item can and cannot be used.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First
Circuit, District of Maine Internet Site Edition, § 3.07.

**STIPULATIONS**

Throughout the trial there may be statements that the parties have stipulated to certain facts.    This means that both parties agree on the existence of those facts.    You must therefore treat those facts as having been proven.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.01.

## "ON OR ABOUT" - EXPLAINED

The Indictment charges that the offenses alleged were committed "on or about" certain dates.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offense was committed precisely on the dates charged.

Adapted from Devitt, Blackmar, Wolff, and O'Malley, <u>Federal Jury Practice and Instructions,</u> §13.05 (4th Ed. 1992).

## CONSPIRACY

A conspiracy is an agreement or combination of two or more persons to violate the law. It is a kind of partnership in crime in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy.   What this means is that each conspirator not only acts for himself, but also acts for the other conspirators.   The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose.

The crime of conspiracy to violate a federal law, here both the statute prohibiting the possession with intent to distribute heroin and the distribution of heroin, is separate and distinct from the <u>actual</u> violation of that same federal law.   The actual violation is referred to as a "substantive crime," in contrast to a conspiracy offense.

Because conspiracy is an independent offense, it is not necessary that the government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed.   What the evidence must show, however, is that the members of the conspiracy in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully, and intentionally.

Adapted from <u>Pettibone v. United States,</u> 148 U.S. 197, 203 (1893); <u>United States v. Guerro</u>, 693 F.2d 10, 12 (1st Cir. 1982); <u>United States v. Winter</u>, 663 F.2d 1120, 1136 (1st Cir. 1981); <u>United States v. Hathaway</u>, 534 F.2d 386, 401 n.19 (1st Cir. 1976); <u>United States v. Postma</u>, 242 F.ed 488, 496-97 (2d Cir. 1957); 1 Sand, Siffert, Loughlin & Reiss, <u>Modern Federal Jury Instructions,</u> Instruction 19-2 (2000); 18 U.S.C. §894.

### ELEMENTS OF COUNT ONE

The defendants, Ivan Cruz-Rivera and Carlos Jimenez, are accused in Count One of the Indictment with conspiracy to possess with intent to distribute, or to distribute, 100 grams or more of heroin.   It is against federal law to conspire with someone commit this crime.

For you to find either defendant guilty of conspiracy, you must be convinced that the government has proven both of the following things beyond a reasonable doubt:

One: that the agreement specified in the Indictment, and not some other agreement or agreements, existed between the individual defendant and at least one other person to distribute, or to possess with intent to distribute, heroin; and

Two: that the individual defendant under consideration willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken.   The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.   But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.   Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed - that is to say, with bad purpose, either to disobey or disregard the law - not to act by ignorance, accident or mistake.   The government must prove two types of intent beyond a reasonable doubt before any of the defendants can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed.   Mere presence at the scene of a crime is not alone enough,

but you may consider it among other factors.   Intent may be inferred from the surrounding circumstances.

Proof that a defendant willfully joined in the agreement must be based upon evidence of his own words or actions.   For each defendant under consideration, you need not find that he agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that he participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that the defendant knew the essential features and general aims of the venture.   Even if a defendant were not part of the agreement at the very start, he can be found guilty of conspiracy if the government proves that he willfully joined the agreement later.   On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the crime to possess with intent to distribute, or to distribute, heroin.

*See* United States v. Rivera-Santiago, 872 F.2d 1073, 1078-80 (1st Cir. 1989), as modified by United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994).   Overt act is not required in a drug conspiracy under 21 U.S.C. §846.   See United States v. Shabani, 513 U.S. 10 (1994).   Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions (1998 Edition).

**COUNT TWO**

The defendants, Ivan Cruz-Rivera and Carlos Jimenez, are accused in Count Two of the Indictment with possessing 100 grams or more of heroin with intent to distribute and with distributing 100 grams or more of heroin.    If you find that the individual defendant under consideration either possessed heroin with the intent to distribute heroin or that he distributed heroin, you should find him guilty of Count Two.    Therefore, when evaluating Count Two as to either defendant, you can treat "and" in the indictment as "or."

*See* United States v. Garcia-Torres, 341 F.3d 61, 66 (1st Cir. 2003) (*quoting* United States v. Simpson, 228 F.3d 1294, 1300 (11th Cir.2000)). ("'Quite simply, the law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive.'")

## ELEMENTS OF POSSESSION WITH INTENT TO DISTRIBUTE

It is against federal law to have heroin in your possession with the intention of distributing it to someone else.    For you to find that either defendant possessed heroin with intent to distribute, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

One: that the individual defendant under consideration on those dates possessed heroin, either actually or constructively;

Two: that the individual defendant under consideration did so with a specific intent to distribute the heroin over which he had actual or constructive possession; and

Three: that the individual defendant under consideration did so knowingly and intentionally.

It is not necessary for you to be convinced that individual defendant under consideration actually delivered the heroin to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was heroin and that he intended to transfer it or some of it to someone else.

A person's intent may be inferred from the surrounding circumstances. Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that individual defendant under consideration possessed a quantity of heroin—more than that which would be needed for personal use—then you may infer that individual defendant under consideration intended to distribute heroin. The law does not require you to draw such an inference, but you may draw it.

The term "possess" means to exercise authority, dominion or control over something. The law recognizes different kinds of possession.

"Possession" includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it. Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

"Possession" also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

*See* Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1)(A).

## ELEMENTS OF DISTRIBUTION OF HEROIN

It is against federal law to distribute – that is, to transfer – heroin to another person. For you to find that either defendant distributed heroin, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

<u>One</u>: that on the date alleged, the individual defendant under consideration transferred heroin to another person;

<u>Two</u>: that the individual defendant under consideration knew that the substance was heroin; and

<u>Three</u>: the individual defendant under consideration acted intentionally, that is, that it was his conscious object to transfer the controlled substance to another person.

It is not necessary that the individual defendant under consideration benefitted in any way from the transfer.

*See* Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 4.21.841(a)(1)(B).

## AIDING AND ABETTING –

## Possession with the Intent to Distribute and Distribution of Heroin

Defendants are also charged with aiding and abetting the crime of possession with the intent to distribute and distribution of heroin.

To "aid and abet" means intentionally to help someone else commit the charged crime. To establish aiding and abetting the crime of possession with the intent to distribute and distribution of heroin, the government must prove beyond a reasonable doubt:

*First*, that the crime of possession with the intent to distribute and distribution of heroin was actually committed by someone;

*Second*, that defendant took an affirmative act to help the crime of possession with the intent to distribute or distribution of heroin; and

*Third*, that defendant intended to help the commission of the crime of possession with the intent to distribute or distribution of heroin.

The second element, the "affirmative act" element, can be satisfied without proof that defendant participated in each and every element of the crime of possession with the intent to distribute or distribution of heroin. It is enough if defendant assisted in the commission of the crime of possession with the intent to distribute or distribution of heroin.

The third element, the "intent" element, is satisfied if defendant had advance knowledge of the facts that make the principal's conduct criminal. "Advance knowledge" means knowledge at a time the defendant can opt to walk away.

A general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the crime of possession with the intent

to distribute and distribution of heroin and knowledge that the crime of possession with the

intent to distribute and distribution of heroin is being committed are also not sufficient to

constitute aiding and abetting. But you may consider these things among other factors in

determining whether the government has met its burden.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First
Circuit, District of Maine Internet Site Edition, §§ 4.18.02(a) and 4.21.841(a)(1)A.

## INTENT

To act with intent refers to a mental condition or state of mind.   Such mental states cannot ordinarily be proved directly for the obvious reason that there is no practical way of being able to look inside a person's mind and find out what is there.   Rather, a person's intent may be judged by a person's actions, by what that person says or does, and by the surrounding circumstances.   In this connection you may consider any actions undertaken by the defendants and any statements made by him and all other facts and circumstances in evidence which bear on his state of mind to determine his state of mind with respect to the crimes charged in the indictment.

*See* Devitt and Blackmar, Federal Jury Practice and Instructions, 14.13 (3d ed. 1977).

## STAKE IN THE OUTCOME

The extent of a defendant's participation in a conspiracy and the importance of his role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.    A conspirator's guilt or innocence is not measured by the extent or duration of his participation. Indeed, each member may perform separate and distinct acts and may perform them at different times.    Some conspirators play major roles, while others play minor parts in the scheme.    An equal role is not what the law requires.    In fact, even a single act may be sufficient to draw a defendant within the gambit of the conspiracy.

Moreover, a person may be found to be a member of a conspiracy whether or not he had a financial stake in the illegal venture.    Conspirators may have different motives for participating in a conspiracy.

This instruction is adopted from: (1) an instruction given by Judge Keeton in United States v. Forero-Diaz, Criminal Number 88-110-K, pp. 29; and (2) L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-6 (1990).

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against the individual defendant has to do with the nature of the crime of conspiracy.   A conspiracy is often referred to as a partnership in crime.    Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements and omissions.   This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a coconspirator in deciding the issue of the defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.   If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against the defendant.

*See* United States v. Petrozziello, 548 F.2d 20, 23 (1st Cir.   1977); L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-9 (1990); United States v. Angiulo, 847 F. 2d 956, 969 (1st Cir. 1988) ("As long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of.").   Devitt and Blackmar, Federal Jury Practice and Instructions, §14.13 (3d ed. 1977).

**CONTROLLED SUBSTANCE**

As a matter of law, I instruct you that heroin is a Schedule I controlled substance.   You must take this as a fact.

**CONSPIRACY - DRUG QUANTITY**


If you find the defendant guilty of conspiracy, I will go on to ask you to consider the following: did the government prove beyond a reasonable doubt that the conspiracy involved heroin or a substance containing a detectable amount of heroin.

You should answer this question (if required) on the space indicated on the verdict form.

If you answer yes to this question, you should then determine what quantity of heroin the defendants conspired to possess with the intent to distribute or conspired to distribute.

*See* <u>Derman v. United States</u>, 298 F.3d 34, 42 (1st Cir. 2002); <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000); <u>see</u> <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).

## DEFINITION OF "KNOWINGLY"

The word "knowingly" as that term has been used in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.15.

## USE OF RECORDINGS AND TRANSCRIPTS

In the course of this trial, you heard evidence that the government recorded conversations that it believes are relevant to the charges in this case.

Because these recorded conversations were in Spanish, and in order to facilitate the presentation of these conversations to you, portions of the conversations have been transcribed. The parties have agreed that the transcriptions that have been prepared are accurate.    The English translations of those recorded calls are evidence.

This instruction is based on principles set forth in <u>United States v. Rengifo</u>, 789 F.2d 975 (1st Cir. 1986).

**LANGUAGE OF THE INDICTMENT:   "AND" VERSUS "OR"**

Although the Indictment charges in the conjunctive "and" (for example, as to Count Four, it states that the defendant did forcibly assault, resist, oppose, impede, intimidate "and" interfere with various individuals), the government can meet its burden by proving in the disjunctive "or."   For example, as to Count Four, the government can meet its burden by proving beyond a reasonable doubt that Pablo Santiago-Cruz forcibly assaulted or forcibly resisted or forcibly opposed or forcibly impeded or forcibly intimidated or forcibly interfered with any one of the individuals listed.

*See* United States v. Garcia-Torres, 341 F.3d 61, 66 (1st Cir. 2003) ("where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means"); United States v. McCann, 465 F.2d 147, 162 (5th Cir. 1972); Fields v. United States, 408 F.2d 885, 887 (5th Cir. 1969).

## STATEMENTS BY DEFENDANT

You have heard evidence that the defendant made statements in which the government claims he admitted certain facts.

It is for you to decide: (1) whether the defendant made the statement; and (2) if so, how much weight to give it.    In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 2.11.

**SUBMITTING THE INDICTMENT**

I am sending a copy of the Indictment into the jury room for you to have during your deliberations.    You may use it to read the crimes which the defendant is charged with committing.    You are reminded, however, that the Indictment is merely an accusation and is not to be used by you as any proof of the conduct charged.

*See* L.B. Sand, <u>Modern Federal Jury Instructions:    Criminal</u>, ¶9-4 (1990).

**PUNISHMENT**

The question of possible punishment of the defendant is of no concern to the jury and should not, in any sense, enter into or influence your deliberations.   The duty of imposing sentence rests exclusively upon the court.   Your function is to weigh the evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable doubt, solely upon the basis of such evidence.   Under your oath as jurors, you cannot allow a consideration of the punishment which may be imposed upon the defendant, if he is convicted, to influence your verdict, in any way, or, in any sense, enter into your deliberations.

*See* L. B. Sand, <u>Modern Federal Jury Instructions:   Criminal</u>, §9-1 (1990).

**FOREPERSON'S ROLE; UNANIMITY**

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.   You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.    Your verdict must be unanimous.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.01.

## CONSIDERATION OF EVIDENCE

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.    However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.02.

## REACHING AGREEMENT

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.    But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.    There is no reason to think it could be better tried or that another jury is better qualified to decide it.    It is important therefore that you reach a verdict if you can do so conscientiously.    If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.    You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.    Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.03.

## RETURN OF VERDICT FORM

I want to read to you now what is called the verdict form.   This is simply the written notice of the decision you will reach in this case.

**[Read verdict form.]**

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.04.

## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.   If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.   You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

*See* 2017 Revisions to Pattern Criminal Jury Instructions for the District Courts of the First Circuit, District of Maine Internet Site Edition, § 6.05.

## CERTIFICATE OF SERVICE

This is to certify that I have served counsel of record for the Defendants a copy of the foregoing document by ECF.

/s/ Michelle L. Dineen Jerrett
MICHELLE L. DINEEN JERRETT
Assistant U.S. Attorney

Dated: November 5, 2018