UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                        )<br>                                                  )      Docket No. 16-CR-40025-TSH<br>(1) IVAN CRUZ-RIVERA and       )<br>(2) CARLOS JIMENEZ                )<br>                                                  )<br>               Defendants.           )<br>                                                  ) | |

## DEFENDANT'S MOTION IN LIMINE TO EXCLUDE REFERENCE THE POSITIVE ALERT OF THE DRUG DETECTION DOG

The defendant, Carlos Jimenez, by and through undersigned counsel, hereby respectfully moves this Honorable Court to preclude reference to the a drug detection canine's positive alert to a black bag in the rear passenger seat of the defendant's vehicle during the course of a motor vehicle stop for as long as the government does not intend to call the canine's handler or another witness purportedly capable of opining as to the relevance of the alert. However, should the government's intentions change, the defendant would respectfully request a hearing pursuant to *Daubert v. Merrell Dow Pharmaceuticals*, Inc., 509 U.S. 579 (1993) to test the reliability of the expert's opinion before he is permitted to testify. As grounds therefor, the defendant avers and states as follows:

The government alleges the defendants transported a quantity of heroin from New Jersey to Massachusetts which was then sold for approximately $44,000. While en route back to New Jersey, the defendant's vehicle was stopped. The only contraband allegedly located in the vehicle was $44,000 in U.S. currency found in a black bag in the rear passenger seat of the vehicle. The officer who effectuated the stop observed the contents of the bag and sought a drug detection

1

canine to search the vehicle further. The canine alerted positively to the bag; other than the currency, no contraband was located and the canine did not alert elsewhere.  The government, through its expert witness disclosure, has advised it does not presently intend to call Massachusetts State Police Trooper Patrick Robinson ("Robinson"), the canine's handler, but reserved the right to do so, and identified no other witness who might testify to the same set of issues.

"[A] great many courts have aggressively questioned the probative value of positive 'dog sniffs' on currency altogether." *U.S. v. One Lot of U.S. Currency Totaling $14,665*, 33 F.Supp.2d 47, 58 (D. Mass. 1998), citing *U.S. v. $5,000*, 40 F.3d 846, 849–50 (6th Cir.1994), *U.S. v. U.S. Currency*, $30,060.00, 39 F.3d 1039, 1041-43 (9th Cir. 1994), *U.S. v. $639,558*, 955 F.2d 712, 714 n. 2 (D.C.Cir.1992), *Jones v. U.S. Drug Enforcement Admin.*, 819 F.Supp. 698, 719-21 (M.D. Tenn. 1993) ("the continued reliance of courts and law enforcement officers on dog sniffs to separate 'legitimate' currency from 'drug-connected' currency is logically indefensible"). Similarly, in a concurrence to *U.S. v. Carr*, which has been cited by the First Circuit with approval, see *U.S. v. Saccoccia*, 58 F.3d 754, 777 n.19 (1st Cir. 1995), the Hon. Edward Becker wrote:

> It is thus my considered opinion that the fact that numerous studies by governmental and private agencies, studies which stand unrefuted, strongly suggest that a trained canine will alert to *all* bundles of used currency does not permit the jury to draw a *reasonable* inference that the person in prior possession of such currency was a drug trafficker or associated with one.

25 F.3d 1194, 1216 (3rd. Cir. 1994) (concurring in part and dissenting in part) (emphasis in original).

The foregoing suggests courts have previously taken a dim view of the relevance of drug detection dog alerts to currency as a general matter.  Here, the *fact* of the alert itself, without more, is not only entirely irrelevant, it is also highly prejudicial because of the likelihood the jury will use it to engage in improper, unguided speculation as to why the alert occurred.  At a minimum,

the alert ought to be deemed inadmissible for as long as the government's intention not to call Tpr. Robinson remains the same. When this balance of potential prejudice and probative value is further weighed against the effect Tpr. Robinson's testimony would have on trial (i.e. where the parties are calling dueling experts on an issue well outside the ultimate issue), further suggests the alert ought to be excluded altogether. However, the defendant respectfully requests a *Daubert* hearing in the event outright exclusion is not deemed appropriate in the circumstances.

Dated: November 5, 2018

>
> Respectfully submitted,
> CARLOS JIMENEZ
> By and through his attorneys,
>
> /s/ *R. Bradford Bailey*
> R. Bradford Bailey, BBO#549749
> Adamo Lanza, BBO#689190
> BRAD BAILEY LAW, P.C.
> 10 Winthrop Square, 4th Floor
> Boston, Massachusetts 02110
> Tel.: (857) 991-1945
> Fax: (857) 265-3184
> brad@bradbaileylaw.com

**Certificate of Service**

I, R. Bradford Bailey, hereby certify that on this the 5th day of November, 2018, I caused a true copy of the foregoing motion to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

> /s/ *R. Bradford Bailey*
> R. Bradford Bailey, Esq.