UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 16-CR-40025-TSH |
| (1)   IVAN CRUZ-RIVERA and | ) | |
| (2)   CARLOS JIMENEZ | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT'S MOTION IN LIMINE TO PRECLUDE
ADMISSION OF PHONE RECORDS RELATIVE TO A TRACFONE**

The defendant, Carlos Jimenez ("Jimenez"), by and through this Honorable Court, hereby respectfully moves this Honorable Court to preclude the government from introducing call subscriber and/or call detail records for telephone number (787) 222-8866 (hereinafter, "subject number"). As grounds therefor, the government is unable to authenticate these records in compliance with Fed. R. Evid. 902(11). To the extent the government has records from another phone company which it can authenticate, the government appears to be unable to establish the necessary facts upon which the subject number's relevance depends.  Fed. R. Evid. 104(b).  In the alternative, the defendant respectfully submits "justice… requires" a hearing on this preliminary question outside the presence of the jury, pursuant to Fed. R. Evid. 104(c).

**BACKGROUND**

The government has disclosed to undersigned counsel subscriber and call detail records for the subject number which purport to be from its service provider, Tracfone Wireless. ("Tracfone"). The government has also disclosed similar records for phone numbers allegedly attributable to the cooperating witness ("CW") and the defendant, both of which were serviced by Verizon Wireless

1

("Verizon").  Unlike the records relative to the Verizon numbers, the government has not disclosed

a certification of the custody of Tracfone's records.  Additionally, the subscriber records for the

subject number list both the First and Last name of the subscriber as "0743148423230," with a

date of birth of 1/1/1953, and no physical address.  On the date the transaction alleged in the

indictment took place, three (3) phones were seized from Cruz-Rivera. Call detail records for the

subject number reveal it made and received calls after law enforcement took possession of these

devices.

## ARGUMENT

Phone records are hearsay which may be admitted under the business record exception if

its conditions are "shown by the testimony of the custodian" of the records.  Fed. R. Evid.

803(6)(d).  *See also U.S. v. Burgos-Montes*, 786 F.3d 92, 119 (1st Cir. 2015).  Testimony of the

custodian is not required where the records are accompanied with a "certification of the custody

of [the] records in compliance with Fed. R. Evid. 803(6)(D) and 902(11)."  *Burgos-Montes*, 786

F.3d at 119.  Here, the government has not made the "certification available" to counsel as required

by Fed. R. Evid. 902(11).  Assuming the government does not intend to call the custodian of the

records and is not in possession of the requisite certification, the business records purportedly

received from Tracfone which detail the subscriber information and call history of the subject

number are therefore not admissible.

The government might argue the Verizon records, which appear to be accompanied by an

appropriate certification,[1] contain the same call history it wishes to admit, just from the opposite

sending/received phone number.  Undersigned counsel anticipate the government intends to argue

---

[1] Undersigned counsel do not concede their authenticity and reserve the right to object to their admission, if appropriate, at the time of their admission.

these records depict telephonic communications between Cruz-Rivera, the CW, and Jimenez the timing of which corroborates its theory of the case.  The relevance of the calls sent and received by the subject number is therefore conditioned on the government's ability to establish Cruz-Rivera was its user at the time.

The Tracfone subscriber records do not reveal any information which can be tied to Cruz-Rivera; even if it could, for the reasons set forth *supra*, those records are not admissible.  The government might argue the identity of the phone's user may be proved circumstantially through the Verizon records and the CW's anticipated testimony.  Specifically, the Verizon records appear to show that the CW's phone communicated with the subject number before the stop, but does not appear to show communication with that number after the stop.  And the CW is likely to testify to having to communicating with Cruz-Rivera through Jimenez's cell phone after Cruz-Rivera's phones were seized during the stop.  From this, the government is likely to argue it is reasonable to infer the subject number is Cruz-Rivera's.

However, the CW's call history records reveal various unidentified numbers which communicate with his phone number before the stop and not after.  At the same time, the only other witness the government is likely to call who would be capable of identifying Cruz-Rivera's number is the CW, but it would be unrealistic to think he could do so reliably at this time.  His cooperation with the government began over four (4) years ago in August, 2014, developing over the course of multiple proffer sessions, and at no point was he asked if he could recall or identify Cruz-Rivera's phone number.[2]  The adverse inference the government would like the jury to draw

---

[2] Undersigned counsel respectfully note that if the subject number was assigned to one of the devices seized during the stop from Cruz-Rivera as the government suggests, the device would either be missing or substantially compromised. These phones were apparently signed out of evidence storage on November 13, 2013 by Massachusetts State Police Trooper Jamie Vitale.

would be premised on the defendant having made contact with an unidentified third party who used a mobile phone for which subscriber information is not available, capable of authentication, or both, and therefore wholly speculative.  Without more, the government does not have "sufficient evidence to support a finding" that Cruz-Rivera was the user of the subject number, a fact which is necessary to the relevance of records related to that number.  Fed. R. Evid. 104(b).

The defendant therefore respectfully requests call history records of the subject number be deemed inadmissible.  In the alternative, the defendant respectfully submits "justice… requires" a hearing on this preliminary question outside the presence of the jury, pursuant to Fed. R. Evid. 104(c).

Dated:  November 5, 2018

Respectfully submitted,
CARLOS JIMENEZ
By and through his attorneys,

 /s/ *R. Bradford Bailey*
R. Bradford Bailey, BBO#549749
Adamo Lanza, BBO#689190
BRAD BAILEY LAW, P.C.
10 Winthrop Square, 4th Floor
Boston, Massachusetts 02110
Tel.: (857) 991-1945
Fax: (857) 265-3184
brad@bradbaileylaw.com

**Certificate of Service**

I, R. Bradford Bailey, hereby certify that on this the 5th day of November, 2018, I caused a true copy of the foregoing motion to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

---

When asked to search for them in May, 2016, Trooper Vitale later found two (2) of them in a partially open zip lock bag; but the third phone could not be located.

5

*/s/ R. Bradford Bailey*
R. Bradford Bailey, Esq.

*/s/ R. Bradford Bailey*
R. Bradford Bailey, Esq.