UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA        ) | |
|                                                                  ) | |
|            v.                                                  ) | |
|                                                                  ) | Docket No. 16-CR-40025-TSH |
| (1)    IVAN CRUZ-RIVERA and             ) | |
| (2)    CARLOS JIMENEZ                         ) | |
|                                                                  ) | |
|                Defendants.                          ) | |
|                                                                  ) | |

**DEFENDANT'S MOTION FOR INDIVIDUAL VOIR DIRE QUESTIONING AND PROPOSED SUPPLEMENTAL VOIR DIRE QUESTIONS**

The defendant, Carlos Jimenez, by and through undersigned counsel, hereby respectfully moves this Honorable Court to put the following questions to the jury panel **individually**. Although "criminal defendants do not ordinarily have a right to individual voir dire of every prospective juror as to potential racial bias, whether in lieu of or in addition to group voir dire," individual questioning would be within this Court's broad discretion. *U.S. v. Casanova*, 886 F.3d 55, 60 (1st Cir. 2018). As grounds therefor, individual voir dire questioning will provide the parties with a much better procedure to determine whether each person stands indifferent or is affected by any bias, prejudice or interest. Sensitive issues such as some of those suggested below require individual questioning, since collective questioning may not elicit a response from a particular juror simply because he/she may be too embarrassed, shy, or cautious to answer candidly. *See Irvin v. Dowd*, 366 U.S. 717, 728 (1961) ("No doubt each juror was sincere when he said that he would be fair and impartial... but the psychological impact of requiring such a declaration before one's fellows is often its father".) Further, the American Bar Association Project on Minimum Standards for Criminal Justice recommends questioning jurors individually, "outside the presence

of other chosen and prospective jurors" in criminal cases where "questions of possible prejudice are raised." *ABA Standards for Criminal Justice 8-3.5 (1980).*

The defendant offers the following questions as a supplement to the Court's "standard" questions for prospective jurors in a criminal trial as follows:

1. This case involves allegations of drug distribution and possession. The defendant is presumed innocent of these charges unless and until the government proves him guilty beyond a reasonable doubt. Is there anything about drug distribution or possession generally that would cause you to disregard the defendant's presumption of innocence?
2. The specific drug alleged in this case is heroin. Is there anything about heroin use, possession, or distribution that make it difficult for you to fairly and impartially decide this case solely upon the evidence produced at trial?
3. Have you, your spouse, family members, or any of your close friends been affected by the opioid addiction? If so, how would that affect how you view this case?
4. Have you seen any newspaper articles, television reports, or media coverage about heroin or the opiate crisis which you think might affect how you would view this case or make it difficult for you to fairly and impartially decide this case solely upon the evidence produced at trial?
5. You are going to hear from federal agents from the Drug Enforcement Administration and Massachusetts State Police troopers. Is there anything about these agencies that would cause you to question the defendant's innocence or affect your ability to be fair and impartial and decide this case solely upon the evidence presented?

6. Would you tend to believe or give more weight to the testimony of a law enforcement in comparison to a civilian witness? Would you give more weight to the testimony of a DEA knowing this is a drug case?

7. Do you now or have you in the past, worked for any local, state, or federal law enforcement agency? Do you have any relatives, close friends, or neighbors who presently work for, or who have in the past, worked for any such law enforcement agency?

8. Do you believe people who are in public service such as law enforcement, military service members, firefighters should be held to a higher standard? If so, will that impact your ability to follow my instructions that the government bears the burden of proving and every element of every charge against him beyond a reasonable doubt?

9. Witnesses in this case and both defendants are of Hispanic origin. Do you have an opinion that a person of Hispanic origin is more likely to commit a crime?

10. Do you believe persons of a particular race/ethnicity are more likely to be truth or untruthful than persons of a different race/ethnicity?

WHREFORE, the defendant respectfully requests that the Court pose the foregoing questions individually to each prospective member of the jury.

Dated: November 5, 2018

                                          Respectfully submitted,
                                          CARLOS JIMENEZ
                                          By and through his attorneys,

                                          /s/ *R. Bradford Bailey*
                                          R. Bradford Bailey, BBO#549749
                                          Adamo Lanza, BBO#689190
                                          BRAD BAILEY LAW, P.C.
                                          10 Winthrop Square, 4th Floor
                                          Boston, Massachusetts 02110

>Tel.: (857) 991-1945
>Fax: (857) 265-3184
>brad@bradbaileylaw.com

**Certificate of Service**

 I, R. Bradford Bailey, hereby certify that on this the 5th day of November, 2018, I caused a true copy of the foregoing motion to be served upon all necessary parties to this matter by virtue of electronically filing the same via the CM/ECF system.

>*/s/ R. Bradford Bailey*
>R. Bradford Bailey, Esq.