UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Docket No. 16-CR-40025-TSH |
| (1)   IVAN CRUZ-RIVERA and | ) | |
| (2)   CARLOS JIMENEZ | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**UNITED STATES' OPPOSITION TO MOTION TO ADMIT AGENT NOTES AND, IN THE ALTERNATIVE, MOTION TO ADMIT AUGUST 2014 PROFFER REPORT**

The United States of America hereby opposes Defendant Carlos Jimenez' Motion to Admit Handwritten Field Notes Pursuant (the "Motion") (Docket Entry 272). Defendant relies entirely on Fed. R. Evid. 612(b), but conspicuously fails to cite or consider the language in that rule noting that this rule applies only when the *Jencks* Act does not. The plain language of Rule 612(b) restricts its application with the words "[u]nless 18 U.S.C. § 3500 provides otherwise in a criminal case" – in other words, Rule 612(b) applies only to documents that do not implicate the *Jencks* Act. *See, e.g., United States v. Giovanelli*, 747 F.Supp. 915, 916 (SDNY 1989) (noting that a particular police report is "a document in the same category as 3500 materials, and therefore is also excluded from the scope of Rule 612 of the Federal Rules of Evidence"). Agent Woudenberg's notes obviously constitute *Jencks* material and fall within the confines of 18 U.S.C. § 3500.[1] Because the notes in question constitute a witness statement in the possession of the United States in a criminal case, the *Jencks* Act – not Rule 612(b) – governs the production and use of these notes.

---

[1] 18 U.S.C. § 3500 concerns the production of the statement of a witness that is in the possession of the United States and that relates to the subject matter of that witness's testimony.

In the alternative, the United States respectfully moves pursuant to Rule 612(b) to admit those portions of the DEA report of an August 2014 proffer that Defendant utilized to refresh the recollection of Segundo Gutierrez.  On December 14, 2018, counsel for Defendant Carlos Jimenez repeatedly showed this report to the witness during his testimony, and relied extensively on portions of this report for the purpose of refreshing the witness's recollection.  Attached as Exhibit A to this motion is a redacted copy of this proffer report, with portions of the report that were not used to refresh the witness having been excised.[2]

As Defendant stated in the Motion, "Rule 612 states that 'when a witness uses a writing to refresh memory… while testifying… an adverse party is entitled to introduce in evidence any portion that relates to the witness's testimony.'"  *Id.*  Defendant further noted that the testifying agent "referred to his handwritten notes before answering" and argued that, under "the plain language of Rule 612," the document that refreshed the agent's testimony should be admitted into evidence.  *Id.*  If the Court is inclined to admit the agent notes pursuant to Defendant's motion, the Court should also admit the relevant portions of the August 2014 proffer report that defense counsel utilized to refresh Gutierrez' recollection while he testified.[3]

---

[2]  The United States will make the original version of this report available to the Court so that the Court may assess the appropriateness of the proposed redactions.

[3]  The August 2014 proffer report also constitutes *Jencks* material and, if the Court decides not to admit the agent notes because given the Rule 612(b) carve-out for *Jencks* material, the proffer report likewise should not be admitted pursuant to Rule 612(b).

For the foregoing reasons, the United States respectfully requests that the Court deny Defendant Carlos Jimenez' Motion to Admit Agent Notes (Docket Entry 272) or, in the alternative, that the Court admit the pertinent portions of the August 2014 proffer report into evidence.

        Respectfully submitted,

        ANDREW E. LELLING
        United States Attorney

By:   */s/ William F. Abely*
      MICHELLE L. DINEEN JERRETT
      WILLIAM F. ABELY
      Assistant U.S. Attorneys
      595 Main Street
      Worcester, Massachusetts 01608
      William.Abely@usdoj.gov

Date:   December 16, 2018

CERTIFICATE OF SERVICE

This is to certify that this document shall be served on counsel to Defendants via ECF.

/s/   William F. Abely
WILLIAM F. ABELY
Assistant U.S. Attorney

Dated: December 16, 2018

RULE 7.1 CERTIFICATION

This is to certify that counsel to the United States has conferred with opposing counsel and have attempted in good faith to resolve or narrow the issue.

/s/   William F. Abely
WILLIAM F. ABELY
Assistant U.S. Attorney

Dated: December 16, 2018